**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL BROWN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:07-CV-889-MEF** |
| **MAXIMUM EFFICIENCY SQUARED,** ) | |
| **LLC, d/b/a Bullock County Hospital,** ) | |
| ) | |
| Defendant. ) | |

**ANSWER**

Defendant, Maximum Efficiency Squared, LLC (hereinafter "Defendant" or "MES"), by and through its attorneys, and pursuant to the applicable Local Rules for the Middle District of Alabama and the Federal Rules of Civil Procedure, hereby files the instant Answer and Affirmative Defenses to the Complaint of plaintiff Michael Brown.

**I. JURISDICTION**

1. Admitted that the plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*., asserting that the Court has jurisdiction over this matter, and seeking a collective action. Except as expressly admitted, MES denies the remaining allegations in paragraph 1.

**II. PARTIES**

2. Admitted that plaintiff Michael Brown was employed by MES and that venue is proper. MES is without knowledge or information sufficient to admit or deny whether plaintiff is a resident of the State of Alabama. Except as expressly admitted, MES denies the remaining allegations in Paragraph 2.

934561.1

3.   MES admits that it is registered to do business in the State of Alabama and that the Court has personal jurisdiction over MES. Except as expressly admitted, MES denies the remaining allegations in Paragraph 3.

### III.  STATEMENT OF FACTS

4.   MES incorporates by reference its responses to Paragraphs 1-3 of the Complaint.

5.   Denied.

6.   Admitted.

7.   Denied.

8.   Denied.

9.   Denied.

10.  Denied.

11.  Denied.

### V.[1]  COUNT ONE—FLSA VIOLATIONS

12.  MES incorporates by reference its responses to Paragraphs 1-11 of the Complaint.

13.  Denied.

14.  Denied.

15.  Denied.

### VI.  COUNT TWO—OPT-IN COLLECTIVE ACTION

16.  MES incorporates by reference its responses to Paragraphs 1-15 of the Complaint.

---

[1] The Complaint skips "IV."

17. MES admits that plaintiff seeks to bring this action as an opt-in collective action pursuant to Section 16(b) of the Fair Labor Standards Act, but MES denies that plaintiff is entitled to maintain this lawsuit as an opt-in collective action.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### VII.  COUNT THREE—RECORD KEEPING

26. MES incorporates by reference its responses to Paragraphs 1-25 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

### VIII.  COUNT FOUR—RACE DISCRIMINATION (§1981)

30. MES incorporates by reference its responses to Paragraphs 1-29 of the Complaint.

31. Admitted that MES terminated plaintiff's employment on or around May 14, 2007. Except as expressly admitted, MES denies the remaining allegations in Paragraph 31.

32. MES admits that plaintiff complained about issues relating to the administrator of Bullock County Hospital on or around January 26, 2007. Except as expressly admitted, MES denies the remaining allegations in Paragraph 32.

33. Admitted that the plaintiff notified the director of nursing about a phone call made to an employee's husband. Except as expressly admitted, MES denies the remaining allegations in Paragraph 33.

34. Admitted that MES placed plaintiff and Barbara Stinson on administrative leave. Except as expressly admitted, MES denies the remaining allegations in Paragraph 34.

35. Admitted that MES presented an "action plan for improvement" to plaintiff. Except as expressly admitted, MES denies the remaining allegations in Paragraph 35.

36. Admitted that the "action plan for improvement" was not disciplinary in nature. Except as expressly admitted, MES denies the remaining allegations in Paragraph 36.

37. MES admits that plaintiff was called at home about working at Bullock County Hospital on or around May 14, 2007. Except as expressly admitted, MES denies the remaining allegations in Paragraph 37.

38. Denied

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

### IX. COUNT FIVE—RETALIATION (§1981)

48.  MES incorporates by reference its responses to Paragraphs 1-47 of the Complaint.

49.  Denied.

50.  Admitted that the plaintiff notified the director of nursing about a phone call made to an employee's husband. Except as expressly denied, MES denies the remaining allegations in Paragraph 50.

51.  Admitted that MES placed plaintiff and Barbara Stinson on administrative leave. Except as expressly admitted, MES denies the remaining allegations in Paragraph 51.

52.  Admitted that MES presented an "action plan for improvement" to plaintiff. Except as expressly admitted, MES denies the remaining allegations in Paragraph 52.

53  Admitted that the "action plan for improvement" was not disciplinary in nature. Except as expressly admitted, MES denies the remaining allegations in Paragraph 53.

54.  MES admits that plaintiff was called at home about working at Bullock County Hospital on or around May 14, 2007. Except as expressly admitted, MES denies the remaining allegations in Paragraph 54.

55.  Denied.

56.  Denied.

## X.  PRAYER FOR RELIEF

MES incorporates by reference its answers to Paragraphs 1- 56 of the Complaint.

In response to the plaintiff's Prayer for Relief and Paragraphs A through F, MES denies the plaintiff is entitled to the relief requested or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Except as specifically admitted herein, MES denies each and every allegation of the Complaint and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred or limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are limited because any alleged non-compliance with the Fair Labor Standards Act by MES was not willful.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims for liquidated damages are barred in whole or in part because MES acted in good faith and had reasonable grounds for believing that any act or omission giving rise to such claim was not a violation of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the work the plaintiff alleges to have performed was not compensable.

### SEVENTH AFFIRMATIVE DEFENSE

Even if the plaintiff alleges facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

### NINTH AFFIRMATIVE DEFENSE

A collective action is not proper in this case and plaintiff is not similarly situated to the putative collective members.

### TENTH AFFIRMATIVE DEFENSE

MES has paid the plaintiff all compensation to which he is entitled.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### TWELFTH AFFIRMATIVE DEFENSE

MES is entitled to a credit or offset against any claim for unpaid wages because the plaintiff was paid in excess of that required by the FLSA or for time that was not compensable.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, because MES acted in good faith in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor or the courts regarding any act or omission giving rise to the claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate United States and Alabama constitutional protection from including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.  Plaintiff's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of MES, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discrimination; do not evidence a malicious, oppressive, or fraudulent intent to deny plaintiff his protected rights or to harass or to otherwise discriminate against plaintiff; and are not so wanton or willful as to support an award of punitive damages.  MES did not act recklessly or with indifference to the federally protected rights of plaintiff.  Hence, plaintiff cannot recover punitive damages against defendant.  Defendant is not liable for punitive damages because the individuals who allegedly committed the acts and omissions alleged in the Complaint were not employed in such a capacity that their actions may be imputed to the defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior in the workplace, including, but not limited to, having a well-established policy on equal employment and sexual harassment, having a well-established open door/grievance procedure, and providing complainants with several avenues of redress.  Plaintiff

unreasonably failed to take advantage of the preventative and corrective measures provided by Defendant, including, but not limited to, by failing to file a complaint of harassment and/or by failing to notify management otherwise of any alleged harassing behavior.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because the individuals who allegedly committed the acts and omissions alleged in the Complaint were not employed in such a capacity that their actions may be imputed to the Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

MES is entitled to a setoff against the plaintiffs' claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be denied in whole or in part on the basis of payment, release and accord and satisfaction.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims must be denied in whole or in part on the basis of lack of consideration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any alleged discriminatory or retaliatory decisions by Defendant or its employees or agents would be contrary to its good faith efforts to comply with the law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

MES reserves the right to supplement its Answer to raise additional factual and legal defenses as they may become known through discovery and during the proceedings in this case.

WHEREFORE, MES prays that judgment be entered in its favor and against the plaintiff and that the plaintiff be assessed with the costs and attorney's fees associated with this case and such other and further relief as the Court may deem appropriate.

/s/  M. Jefferson Starling, III
One of the Attorneys for Defendant Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
BALCH & BINGHAM LLP
Post Office Box 306 (35201)
1701 Sixth Avenue North
Birmingham, AL  35203
Telephone:  (205) 226-3406
Facsimile: (205) 488-5889
Email: jstarling@balch.com

Christopher T. Terrell
BALCH & BINGHAM LLP
Post Office Box 306 (35201)
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205) 488-5659
Email: cterrell@balch.com

Daniel Harell
BALCH & BINGHAM LLP
Post Office Box 306 (35201)
1701 Sixth Avenue North
Birmingham, AL  35203
Telephone:  (205) 226-3489
Facsimile: (205) 488-5657
Email: **dharrell@balch.com**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 29th day of October, 2007:

David R. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue, North
Birmingham, AL  35203
(205) 252-1550
(205) 252-1556 Fax

        Respectfully submitted,

        /s M. Jefferson Starling, III
        One of the Attorneys for Defendant, Maximum
        Efficiency Squared

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 226-3406
Facsimile: (205) 488-5859
Email:  jstarling@balch.com