IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-CV-889-MEF |
| **MAXIMUM EFFICIENCY SQUARED,** ) | |
| **LLC, d/b/a Bullock County Hospital,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE CONSENTS

Defendant Maximum Efficiency Squared, LLC respectfully responds to Plaintiff's Motion for Leave to File Consents and requests the Court to deny such motion. In response thereto, Defendant states the following:

1.  Plaintiff's Motion for Leave to File Consents seeks permission to "file consents of individuals who wish to become opt-in party plaintiffs **prior to** the filing of [the] Motion for Class Certification and Brief in support thereof in this matter." Plaintiff's Motion for Leave to File Consents, Doc. 10 (emphasis added). Practically and procedurally, opting in to a theoretical putative class is improper for two reasons. First, Plaintiff ignores the simple fact that no class exists to which individuals could opt-in at this point in the litigation. Plaintiff has not yet established that he is entitled to maintain a collective action because he has not presented any evidence that he and the putative members are "similarly situated." Anderson v. Cagle's Inc., 488 F.3d 945, 952 (11th Cir. 2007). Plaintiff should not be permitted to circumvent this standard by prematurely seeking to join additional individuals to a putative class that the Court has yet to

942886.1

conditionally certify.  Second, adding putative class members prior to determination by the Court on the merits of collective action status places a potentially unnecessary burden on the Defendant and the Court because any putative class members added now may ultimately be dismissed.

2. The Plaintiff's motion also fails to meet the requirements of Rule 20 of the Federal Rules of Civil Procedure. "Rule 20(a) provides for permissive joinder where there exist (1) a 'right to relief … arising out of the same transaction [and] occurrence,' and (2) 'common questions of fact or law'. . . ." <u>Grayson v. K-Mart Corp.</u>, 79 F.3d 1086, 1097 (11th Cir. 1996). Plaintiff has presented no evidence that either (1) a right to relief arising out of the same transaction or occurrence exists, or (2) there are common questions of law and fact between Plaintiff's claims and the claims of the individuals he seeks to join.

3. For the reasons set forth above, Defendant Maximum Efficiency Squared, LLC respectfully requests that the Court deny Plaintiff's Motion for Leave to File Consents.

/s/ Daniel E. Harrell
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL**:

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the <u>26th</u> day of <u>November</u>, 2007:

David R. Arendall
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203
(205) 252-1550
(205) 252-1556 Fax

                                            Respectfully submitted,

                                            /s/ Daniel E. Harrell
                                            One of the Attorneys for Defendant, Maximum Efficiency Square, LLC

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

942886.1                                        3