IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**MICHAEL BROWN,**

**Plaintiff,**  Civil Action No. 07-CV-00889-MEF

**v.**

**MAXIMUM EFFICIENCY SQUARED, LLC,**
d/b/a Bullock County Hospital,

**Defendant.**

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE CONSENTS**

COMES NOW, the Plaintiff, by and through undersigned counsel, and submits this brief response to Defendant's Opposition to Plaintiff's Motion for Leave to file consents:

1. Plaintiff filed its motion to submit opt-in plaintiff's for the potential class under § 216(b) of the FLSA.

2. The Court rendered a "Show Cause" Order to the Defendant to explain why said motion should not be granted.

3. Defendant filed its opposition to Plaintiff's motion on November 26, 2007.

4. Defendant's opposition is to Plaintiff's Motion for Leave to File Consents is based on an incorrect statement of law. In *Grayson v. K-Mart Corp.*,

the Eleventh Circuit found that the District Court did not err as "the standard for allowing an opt-in joinder class under § 216(b) differs from, and is more lenient than, the standards for joinder and severance under Rules 20(a) and 42(b), respectively, of the Federal Rules of Civil Procedure." 79 F.3d 1086, 1097 (11th Cir. 1996). Defendant's reliance on Rule 20 is incorrect.

    5.    The undersigned has participated in several collective actions and has always filed consents on behalf of individuals wishing to become "opt-in" party plaintiff's on every case. In order to prevail on a motion seeking conditional certification of this action as a collective action, Plaintiffs must show that they are 'similarly situated' to the group of employees they seek to join in this action and that there are other employees who desire to opt-in to this litigation. *Dybach v. Florida Dep't of Con.*, 942 F. 2d 1562, 1567-1568 (1lth Cir. 1991); *Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp. 2d 1272, 1276-1277 (M.D.Ala.2004). The current individuals are demonstrating half of the Plaintiff's burden: other employees who desire to opt-in to this litigation. Plaintiff's Motion for Class Certification will be filed in the near future, however, a Report of Parties Planning Meeting and a Scheduling Order are required prior to filing such a motion.

    6.    As the statute of limitations for the FLSA runs from the date of each individual's filed consent and cannot be tolled to the date of the original Plaintiff,

Plaintiff's counsel has a duty to file consents as soon as practicably possible upon receipt.

WHEREFORE, Premises Considered, Plaintiff requests this Court DENY Defendant's opposition to Plaintiff's Motion for Leave to File Consents in the above styled matter.

Respectfully submitted,

/s/ David R. Arendall
_____
David R. Arendall
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I certify that on November 30, 2007, I filed the foregoing with the Clerk of this Court using the CM/ECF system which will forward a copy to M. Jefferson Starling, III, attorney for the Defendant.

/s/ David R. Arendall
_____
Of Counsel