IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN**,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> **MAXIMUM EFFICIENCY SQUARED,**  ) <br> **LLC, d/b/a Bullock County Hospital,**  ) <br> ) <br> Defendant.  ) | **CIVIL ACTION NO.** <br> **2:07-CV-889-MEF** |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was held on November 30, 2007, and was attended by:

David R. Arendall for Plaintiff, Michael Brown

M. Jefferson Starling, III for Defendant, Maximum Efficiency Squared, LLC

1. **Scheduling Conference:** The parties request a scheduling conference with the Court after this Court rules on the Plaintiff's Motion for Conditional Class Certification. The parties feel that this would be helpful to the orderly management of this case.

2. **Pre-Discovery Disclosures:** The parties will exchange by January 15, 2008, the information required by Fed. R. Civ. P. 26(a)(1). Defendant anticipates that disclosures will include time and pay records.

3. **Motion for Conditional Class Certification:** Plaintiffs intend to file their Motion for Conditional Class Certification by March 1, 2008.

944596.1

4.     **Synopsis of the Case**

**Plaintiff's Position:** This case currently involves two different types of claims by the plaintiff, Michael Brown. Brown claims discrimination and retaliation in violation of Section 1981 and is seeking collective action under 29 U.S.C. Section 216(b) regarding alleged unpaid overtime. Plaintiff began work with the Defendant as a nurse. In May of 2006, he became a nurse manager. At all times Plaintiff was classified as an hourly, non-exempt employee. Up until the time Plaintiff became nurse manager, he worked the 7 a.m. shift; three days one week and four days the next, although Plaintiff often worked extra hours. Plaintiff regularly worked over 40 hours in a work week and was paid some of his hours in excess of 40 at the rate of 1.5 times his regular hourly rate. Defendant automatically deducts 30 minutes for lunch, while not fully relieving Plaintiff and other similarly-situated employees are regularly interrupted during their unpaid lunch period. Plaintiff and other similarly-situated employees would begin work as soon as they clocked in, which would be before the official start of their shift. At the end of his scheduled shift, Plaintiff and other similarly-situated employees worked past the end of the scheduled shift. At the end of his scheduled shift, Plaintiff and other similarly-situated employees worked past the end of the scheduled shift. Defendant did not properly apply the "rounding" in accordance with 29 C.F.R. 785.48(b) and Defendant did not pay its employees for all hours worked in excess of 40 in a work week at 1.5 times their hourly rate.

**Defendant's Position:** Defendant denies that it violated the Fair Labor Standards Act or that Plaintiff is entitled to any overtime or other compensation, or to any relief whatsoever. Defendant also asserts that Plaintiff cannot satisfy the requirements for maintaining a collective action because Plaintiff and putative plaintiffs are not similarly situated. Defendant further

944596.1                                            2

asserts that Plaintiff is not entitled to any relief for claims of discrimination or retaliation arising under 42 U.S.C. §1981.

5. **Discovery Plan.** The parties have proposed the following discovery plan based on the current parties to the action. It is anticipated that the Plaintiff will seek to add additional plaintiffs to the action and to seek conditional certification of the case as a collective action.

**Plaintiff's Position:** This case is a collective action case. Plaintiff intends to ask for conditional class certification notice to putative class so that all discovery, excluding interrogatories and requests for production, needs to be postponed until the identity and number of plaintiffs is determined.

**Defendant's Position:** Defendant needs discovery on the Plaintiff's claims, damages and facts in support of the Defendant's defenses.

The parties propose to the Court the following discovery plan for the period prior to Court ruling on the Plaintiff's Motion for Conditional Class Certification:

**Interrogatories:** Maximum of 25 interrogatories by each Plaintiff on Defendant and by Defendant on each Plaintiff. Responses due 30 days after service.

**Requests for Production of Documents:** Maximum of 25 Requests for production by each Plaintiff on Defendant and by Defendant on each Plaintiff. Responses due 30 days after service.

The parties anticipate submitting a revised discovery plan to the Court based on the ruling on Plaintiff's Motion for Conditional Class Certification.

**Depositions:** Maximum of eight depositions. Depositions will be limited to seven (7) hours.

**6.     Other Items.**

**Final Lists of Witnesses and Exhibits:**

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due

      From Plaintiff:     30 days prior to trial.

      From Defendant:   30 days prior to trial.

Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

**Trial:**

This case should be set for trial after the Court rules on Plaintiff's Motion for Conditional Class Certification.

**Electronically Stored Information:** To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in either PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in format other than PDF or had copy only upon agreement by the parties or a showing of substantial need to the Court for such information in that format. The parties will agree to the entry of any order regarding claims of privilege or for protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that such party produce a privilege log as to any such document.

/s/ M. Jefferson Starling
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

/s/ David R. Arendall
David R. Arendall
Attorney for Plaintiff

**OF COUNSEL:**
Arendall & Associates
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252-1556 - Facsimile

944596.1               5