IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL BROWN,
    PLAINTIFF,

V.
                                        CIVIL ACTION NO.:
                                        07-CV-00889-MEF

MAXIMUM EFFICIENCY SQUARED, LLC
d/b/a Bullock County Hospital,
    DEFENDANT.

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND TO FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

Arendall & Associates
Attorneys for Plaintiffs
2018 Morris Avenue, Suite 300
Birmingham, AL 35203
205.252.1550 - Office
205.252.1556 - Facsimile

# **TABLE OF CONTENTS**

Page

I.    Introduction........................................................................    1

II.   Standard for Issuance of Notice...........................................    1

III.  Facts..................................................................................    2

IV.   Argument...........................................................................    4

    A.    The Court should grant Plaintiffs' Motion for
       Conditional Class Certification *and Au*thorization
       to send notice of suit to Potential Opt-in Plaintiffs.....    4

    B.    Plaintiffs are similarly situated to the putative
       class.......................................................................    5

    C.    Others desire to opt-in...........................................    15

    D.    The period for the opt-in class should be three (3)
       years before the filing of the lawsuit, as opposed
       to two (2) years......................................................    18

V.    Conclusion.........................................................................    20

Certificate of Service..................................................................    21

i

COME NOW the Plaintiffs[1] and submit this brief in support of their motion filed simultaneously herewith.

## I.  Introduction

This action arises from each Plaintiff's employment with Defendant as an hourly paid employee who was not paid 1.5 times his/her regular hourly rate for hours worked in excess of 40 hours in a work week. Each Plaintiff regularly worked over 40 hours in a work week.  Defendant arbitrarily deducted 30 minutes for an unpaid lunch break from hours shown that each Plaintiff worked without regard to whether the Plaintiffs actually  were allowed to take the full 30 minute lunch break unencumbered by any job duties.  In fact, Plaintiffs did work through all or part of their lunch, and  were denied overtime pay as a result.  In addition Plaintiffs performed work off the clock for Defendant before and after their regularly scheduled work hours for which they were not paid.  To the extent some Plaintiffs may not have worked over 40 hours for a particular work week, each such Plaintiff would have a claim for work and labor.

## II.    Standard for Issuance of Notice

Courts have discretionary power to authorize the sending of notice to potential class members in collective actions brought under 29 U.S.C. § 216(6)

---

1Michael Brown is the only named Plaintiff at this time, but three additional Plaintiffs have filed consents to join simultaneously herewith.

1

(also referred to as "Section 16(b)").[2] The District Court is to "satisfy itself that there are other employees who desire to opt in and who are similarly situated with respect to their job requirements and with regard to their pay provisions."[3]

### III. Facts

1. Plaintiff Brown was employed with Defendant as a non-exempt, hourly paid nurse from approximately June, 2004 through May, 2006 when he became a nurse manager (PX1, ¶¶ 3, 4).

2. Plaintiff Carold Battle worked as a non-exempt, hourly paid ER Tech during the course of her employment with Defendant (PX2, ¶¶ 2, 3, 4, 5).

3. Plaintiff Judy Davis was employed as an hourly, non-exempt Unit Clerk during the course of her employment with Defendant (PX3, ¶¶ 2, 3, 4, 5).

4. Plaintiff Christopher France has been employed with the Defendant since June of 2007, as a Mental Health Tech. (PX4, ¶¶ 2, 3, 4, 5).

5. Defendant has an established policy that it will pay overtime for hours worked in excess of 80 in a two week pay period (PX5, p. 6 of 27).

6. Defendant also maintains a policy that says the 40 hour work week is designated Sunday through Saturday (PX5, p. 11 of 27).

---

[2] *Haynes v. Singer Company*, 696 F. 2d 884,886 (11th Cir 1983).

[3] *Dybach v. Florida Dept. of Corrections*, 942 F. 2d 1562, 1567-68 (11th Cir 1991).

7.    Employees are not paid for overtime unless there is prior approval from the appropriate supervisor (PX5, p. 6 of 27).

8.    Documentation of supervisor approval has to be noted on the employee time card or overtime will not be paid (PX5, p. 6 of 27).

9.    Defendant's policy provides that if an employee clocks in or out outside of approved times without prior supervisor approval, the extra time will not be approved and will not be paid (PX5, p. 10).

10.    Defendant's policy on meal times is for a thirty minute unpaid period, and an employee must clock out only if they leave the hospital premises (PX5, p. 11 of 27).

11.    Defendant applies an unwritten policy of deducting thirty minutes per day for lunch for each hourly, non-exempt employee (PX1,¶6; PX2-4, ¶ 7).

12.    Each Plaintiff was subjected to the policy and practice of Defendant of losing thirty minutes pay for a meal, without being fully relieved of work duties or work stations for each such work day in which the deduction was made (PX1,¶6; PX2-4, ¶ 7).

13.    Each Plaintiff worked off the clock pre-shift and post shift on occasion without receiving pay by Defendant (PX1, ¶7; PX2-4, ¶ 9).

3

### IV.    Argument

### A.    *The Court should grant Plaintiffs' Motion for Conditional Class Certification and Authorization to send notice of suit to Potential Opt-in Plaintiffs.*

Section 16(b) of the FLSA provides that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees similarly situated." 29 U.S.C. § 216(b). Section 16(b) further provides that "[n]o employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." (*Id.*) The Eleventh Circuit has held that "[t]he 'opt-in' provisions of Section 16(b) of the Act convey upon a named plaintiff... the *right* to try to seek damages in the amounts allegedly due and not paid by the employer in accordance with the Act, on behalf of himself or herself and also on behalf of other employees 'similarly situated.'" *Dybach,* 942 F. 2d at 1567 (emphasis added).

In order to prevail on this Motion seeking conditional certification of this action as a collective action, Plaintiffs must show that they are 'similarly situated' to the group of employees they seek to join in this action and that there are other employees who desire to opt-in to this litigation. *Dybach v. Florida Dep't of Con.,*

4

942 F. 2d 1562, 1567-1568 (11th Cir. 1991); *Davis v. Charoen Pokphand (USA),*
*Inc.,* 303 F. Supp. 2d 1272, 1276-1277 (M.D.Ala.2004).  The Plaintiffs,  in a
motion such as the one before this Court, have the burden of establishing that they
are similarly situated to any potential opt-in Plaintiffs.[4]  This burden is met by
providing "detailed allegations supported by affidavits" (*Id.* at 1097).  As is
demonstrated below, Plaintiffs have presented enough evidence to the Court to
permit the sending of notice to the affected class of employees.

**B.    Plaintiffs are similarly situated to the putative class.**

In order to prevail on this Motion seeking conditional class certification of
this action as a collective action, Brown must show that he is 'similarly situated' to
the group of employees he seeks to join in this action and that there are other
employees who desire to opt-in to this litigation.  *Dyback v. Florida Dep't of Con.,*
942 F.2d 1562, 1567-1568 (11th Cir. 1991); *Davis v. Chareon Pokphand (USA),*
*Inc.,* 303 F.Supp.2d 1272, 1276-1277 (M.D. Ala. 2004).   As is demonstrated
below, Brown has clearly shown enough evidence to this Court to permit the
sending of notice to the affected class of employees (all hourly employees of
Defendant from October 4, 2004 to the present.  Plaintiffs, whether named or
opting in, have made identical statements in their declarations regarding the fact

---

4*Grayson v. Kmart Corp.,* 79 Fed. 3d 1086, 1096 (11th Cir 1996).

5

that they worked off the clock during lunch and pre and post shift on an occasional basis, and are not paid for those hours. Since Plaintiffs, and others whom they seek to represent, regularly work overtime qualifying hours, then such failure to pay for this off the clock work is violative of the FLSA and satisfies the common policy or practice of showing similarity of claims.

While Plaintiff has the burden of demonstrating that he and the class of employees he seeks to represent are similarly situated, this burden is not a heavy one early in the litigation. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Indeed, the burden can be met by demonstrating sufficient facts to suggest that they and the class were subject to a single corporate policy or plan and is typically demonstrated "only [by] the pleadings and any affidavits which have been submitted... ." (*Id.*)

At this stage in the proceeding, a court must first determine if there are similarly situated employees. The analysis is a two step evaluation (*Hipp v. Liberty National Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001). The determination at the notice stage is the first step. The first step is "considerably less stringent than the proof required pursuant to Fed. R. Civ. P 20(a) for joinder or Fed. R. Civ. P. 23 for class certification (*Grayson*, 79 F.3d at 1096). The burden of showing Plaintiffs and potential opt-ins are similarly situated is met at the notice stage through detailed allegations in a complaint and supporting affidavits (*Id* at 1097).'

6

This case asserts a common and similar practice applied to Plaintiffs and those whom they seek to represent, of an automatic lunch deduction without ensuring that employees are fully relieved from their job duties and work stations during that unpaid lunch. Plaintiffs have asserted in their declarations that they rarely get to take a full uninterrupted thirty minute lunch break, yet Defendant consistently deducts this time from their pay as if they were provided such a lunch break. 29 C.F.R. §795.19 mandates that where an employer provides an unpaid meal period, the employee must be completely relieved from duty for the purpose of eating the meal. Defendant regularly violates this regulation by failing to fully relieve Plaintiffs and similarly situated employees from their work duties and work station.

Plaintiffs are scheduled to have a thirty minute unpaid meal period, but are required to be "on call" during lunch in order to attend to duties. While Plaintiffs comprise a variety of job classifications, Defendant's policy is identical for each hourly, non-exempt employee. Plaintiffs have set forth detailed allegations of virtually identical facts concerning each individual Plaintiff. The declarations filed by the opt-in Plaintiffs, who have also filed consents in this action simultaneously herewith, show virtually the same identical set of facts.

Under 28 U.S.C. § 216(b), a representative plaintiff must show that he and the putative class members are similarly situated in order for the judge to certify a

7

representative action and approve the sending of notice to potential class members. *Thiessen v. General Elec. Capital Corp.*, 267 F. 3d 1095, 1105 (11th Cir. 2001); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999).[5] While some courts have held that a showing of similarly situated class members can be accomplished through the plaintiff's pleadings, the majority of courts have found that a plaintiff must do more than this, usually by supplying some factual support for his allegations. *See Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

Courts are in agreement that the standard for certifying a representative action is lenient. *Hipp*, 252 F. 3d at 1218 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of the representative class."); *Mooney v. Aramco Sen's. Co.*, 54 F. 3d 1207, 1214 (11th Cir. 1995) (same); *Grayson v. K-Mart*, 79 F. 3d 1086, 1096 (11th Cir. 1996) ("similarly situated" standard is less stringent than joinder under Rule 20(a), less stringent than separate trials under Rule 42(b), and considerably less stringent than under Rule 23(b)(3)(D); *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the

---

5 The ADEA is enforced under the same standards promulgated under the FLSA, arid ADEA claims are thus analyzed the same as FLSA claims. See 29 U.S.C. § 626(b); *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

8

class is properly constituted.").

Importantly, a plaintiff does not have to show that he and the putative class are in identical situations—the standard allows for variation among the class members' positions. *Hipp*, 252 F.3d at 1217; *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[I]t is unnecessary to show that putative class members share identical positions."); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979) (plaintiffs must show that positions are similar, not identical). A plaintiff need only "submit evidence establishing at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exists." *Severtson v. Phillips Beverage, Inc.*, 137 F.R.D. 264, 267 (D. Minn. 1991).

There are several reasons why the burden on a plaintiff under 29 U.S.C. § 216(b) is so light. One is that a decision regarding notice to putative class members is typically made fairly early in the litigation, before full discovery has been completed. *Hipp*. 252 F. 3d at 1218; *Mooney*, 54 F. 3d at 12 13-14 ("At the notice stage, the district court makes a decision---usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."). This determination is preliminary. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"); *Realite v. Ark Restaurants Corp.*, 7 F.

9

Supp. 2d 303, 306 (S.D.N.Y. 1998) (finding that defendant's contention that fifteen restaurants were individual establishments with no central control presented a factual dispute requiring discovery and did not prevent authorizing notice)); *Severtson*, 137 F.R.D. at 267 ("Certainly, court-authorized notice need not await a final determination that the 'similarly situated' requirement is satisfied."). Furthermore, this determination does not reach the merits of a plaintiff's claims. *Brown*, 222 F.R.D. at 679; *Hoffman,* 982 F. Supp. at 262. In most cases, after discovery is completed and all the factual evidence is in, the defendant moves for decertification, at which point a more informed, more conclusive decision is made by the court. *Mooney*, 54 F. 3d at 1214; *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988) ("In addition, to allow notice before the 'similarly situated' issue is decided would insure that all possible class members who are interested are present, and thereby assure that the full 'similarly situated' decision is informed, efficiently reached, and conclusive.")

Another reason the burden is light is that the FLSA has a broad remedial purpose. *Realite*, 7 F. Supp. 2d at 306. Requiring a minimal initial showing that a plaintiff is similarly situated to the putative class furthers this purpose, as well as furthering the purpose of judicial economy:

But this Court need not evaluate the merits of Plaintiff's claims in order to determine that a definable group of "similarly situated" plaintiffs can

exist here. Nor must this Court wait for defendant to complete its discovery
before authorizing class notice. To the contrary, courts have endorsed the
sending of notice early in the proceeding, as a means of facilitating the
FLSA's broad remedial purpose and promoting efficient case
management. Hoffman, 982 F. Supp. at 262 (citations deleted); *Charoen
Pokphand,* 303 F. Supp. 2d at 1274-1275 (finding that judicial oversight of
notices prevented misleading communications, enabled the court to resolve
disputes about the content of the notice before it went out and insured that
potential plaintiffs received timely notice of a pending suit, preventing
proliferation of individual suits). These purposes are served even when a
court later determines that the plaintiff and putative class members are not
similarly situated and thus decertifies the class. *Schwed,* 159 F.R.D. at
375 ("Moreover, even where later discovery proves the putative class
members to be dissimilarly situated, notice to those preliminarily identified
as potential plaintiffs prior to full discovery is appropriate as it may further
the remedial purpose of the ADEA.").

Finally, a plaintiff can show that he and putative class members are
similarly situated by demonstrating that they were all subject to a common
policy. *Brown,* 222 F.R.D. at 679 (conditional certification requires only
substantial allegations that putative class members were subject to single

11

policy or plan); *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). While it is not required that a plaintiff show the existence of such a plan, "such a showing is probative in determining whether potential class members are similarly situated." *Baum v. Shoney's, Inc.*, No. 98-423-CV-ORL-19B, 1998 WL 968390 at [*1] (M.D. Fla. Dec. 3, 1998). Once again, however, this burden is lenient and requires only a showing of similarity of duties and pay provisions, not that the potential class members be absolutely identical. *Bradford v. Bed, Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1345 (N.D.Ga.2002).

As noted in factual averment 5 of this Brief, Defendant has an established policy that will pay overtime for hours worked in excess of 80 in a two week pay period (PX5, p. 6 of 27). As that policy is stated in the handbook, it violates 29 U.S.C. §2007(j). Three conditions must be met before a residential care employer can qualify for this exemption to calculation of overtime on a 40 hour week basis. Those conditions are as follows:

(1)    There must be an agreement or understanding between the employer and the employee that this system will be used, and this agreement

12

must be reached before the employee begins work (29 C.F.R. §778.601(b));

(2)    The employee must be paid one and one-half times her regular

rate of pay for all hours worked in excess of 8 hours per day or 80 hours

during the fourteen day period (Id), and

(3)    The fourteen day period must be used to calculate the

employee's regular rate of pay (29 C.F.R. §778.601(e)).

In the case before this Court, Defendant cannot rely upon this

exception as it cannot prove or meet any of the three elements, much less all

three.    Defendant's policy indicates it will only pay overtime for hours

worked in excess of 80 in a bi-weekly pay period, not the required **hours**

**worked in excess of 8 in a day or 80 in a fourteen day pay period.** To the

extent Defendant does not pay overtime for all hours in excess of 8 in a work

day, it has violated this exemption for all employees.    Element three is also

not utilized by Defendant to determine the correct rate of pay.

Defendant's ambiguous policy, for payment of overtime, as shown by

factual averments 5 and 6, allows for abuse by Defendant of the FLSA by

picking and choosing what method it will utilize for payment of overtime,

much as it does with knowingly not paying employees for a meal which is

interrupted for Defendant's benefit, as well as by working Plaintiffs and other

similarly situated employees off the clock pre and post shift.    Defendant's

13

written policy contained in its handbook and provided to employees to guide them on how it pays overtime is reason enough to conditionally certify this class and have notice issued. Written policies violative of the FLSA certainly justifies such notice.[6]

Plaintiff also maintains in his complaint that he, and other similarly situated co-workers are not paid overtime at the rate of 1.5 times their regular hourly rate for hours over 40 in a work week, particularly, in regards to Defendant's policy of an automatically deducting 30 minutes from lunch for each work day. (Plaintiff's Complaint ¶ 9). Regulations require that an unpaid bona fide meal period be one where an employee is completely relieved from duty for the purpose of eating regular meals. (29 C.F.R. § 795.19). Defendant regularly violates this regulation by failing to fully relieve Plaintiffs and other similarly situated co-workers from their work duties for their full lunch period. In declarations, Plaintiffs assert off the clock work pre and post shift as well (Facts #13).

As noted in declarations submitted with this Motion, Plaintiffs are scheduled to have a 30 minute unpaid lunch, but are required to be "on call" during the lunch period in order to attend to duties. While Plaintiffs compose a variety of job titles and classifications, Defendant's policy is identical for

---

6 *Kreher v. City of Atlanta*, 2006 U.S. Dist. LEXIS 23094, *17 (N.D. Ga 3/20/06; *Brown*, 222 F.R.D. at 679.

each hourly, non-exempt employee. Each employee is to be provided an unpaid 30 minute lunch break, completely relieved from their job duties. Thirty minutes is deducted from hours worked for such employees, without Defendant insuring employees were allowed the 30 minutes of uninterrupted time. Declarations submitted by current Plaintiffs, as well as those wishing to opt into this action show a common policy and practice of the automatic 30 minute deduction, while employees are placed "on call," and otherwise required to interrupt their meal period in order to perform job functions for the benefit of Defendant. Such a practice violates 29 C.F.R. § 795.19.

## C.    Others desire to opt-in

The second prong for this Court to consider in determining whether to certify this action as a collective action and to send out notice is whether there are other individuals who desire to participate in this action. *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999). While an individual plaintiff's idea or assertion that there are others who will certainly join the action is likely insufficient, *Home and United Sews Auto Ass'n*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003), it is clear that statements and consents to join in the lawsuit filed by these other employees is sufficient to meet this burden. *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1316 (M.D. Ala. 2002); *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947-948 (M.D.

Fla. 1994).

After filing the original complaint, three additional current and/or former employees of Defendant have opted into this litigation. The claims of all the Plaintiffs, named and opt-in, are not only similarly situated to each other, but also to the potential class as a whole. Those employees are similarly situated in all relevant respects, being victimized by Defendant's intentional violations of the FLSA subject to a practice common to all hourly employees of Defendant, resulting in not being paid for all overtime hours. Based on this, Plaintiffs would respectfully show unto the Court that they have presented sufficient evidence at this stage to permit certification of this action and the sending out of notice.

The Supreme Court has found that the stated congressional policy of allowing FLSA and ADEA plaintiffs "to proceed collectively" would have little or no significance if notice of the action to potential plaintiffs is not permitted in some form. *Hoffman-La Roche, Inc. v Sperling*, 493 U.S. 165, 170 (1989). The Supreme Court has expressly held, therefore, that the "district courts have discretion, in appropriate cases, to implement 29 U.S.C. §216(b) ... by facilitating notice to potential Plaintiffs." (*Id* at 169). The Court reasoned as follows:

16

Congress has stated its policy that ADEA[7] plaintiffs should have the opportunity to proceed collectively. A collective action allows plaintiffs the advantage of lower incidental costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues by law and fact arising from the same alleged [unlawful] activity. These benefits, however, depend on employees receiving the collective action, so that they can make informed decisions about whether to participate ... It follows that, once an ADEA action is filed, that the task is accomplished in an efficient and proper way. (*Id* at 170-71).

A court-supervised notice also serves a number of other important goals. Court supervision of the notice process "ensures that all potential plaintiffs receive timely notice of a pending suit, and thus prevents the proliferation of multiple individual suits arising from the same allegedly [unlawful] activity." (*Id*). See generally *Hoffman-La Roche*, 493 U.S. at 172, "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits." See also *Harper v. Lovett'sBuffet, Inc.*, 185 F.R.D. 358 (M.D. Ala. 1999).

Plaintiffs need the names, addresses, pay and time records for every hourly time clock employee of Defendant who worked overtime for a week

---

7The ADEA analysis is applied to the FLSA in *Hoffman-La Roche*.

or more during the three years covered by this suit (10/04/04 to the present) or who worked weeks that when paid for all time shown on their time records (per Defendant's policy) were present forty plus hours in a work week or eight in a work day or eighty in a bi-weekly work day (discussed following). The policies complained of are company wide, therefore the same type FLSA violations would be shown for **every hourly time clock employee of Defendant.** That is what this case is about. Letting those employees know that their past or current employer has willfully and intentionally not paid them for hours they worked, and is now fighting to keep them from finding out their rights to money they have already earned, but not been paid. Without notice from this Court it is likely that most will never know about what has been done.

> An employee who receives a set wage per hour worked, and who is eligible for a set wage hour (overtime) for time over eighty (80) hours per two-week pay period. In determining increments of pay for the hourly employee, each quarter hour (each 15 minutes) will be rounded off as appropriate. (The employee must work at least four (4) hours into the next shift or work time to be eligible for shift differential pay.)

**D.     The period for the opt-in class should be three (3) years**

**before the filing of the lawsuit, as opposed to two (2) years.**

The evidence for Plaintiffs, and, upon information and belief, for all potential Plaintiffs, are clear violations of the FLSA. Defendant cannot

advance any legitimate argument based on an exemption or exclusion applying to explain why it has failed and refused to pay one and one-half times an hour an employee's regular hourly rate for overtime hours. This could not have happened except for willful misconduct.[8]  For the Court to <u>not</u> issue notice for employees affected by the willfulness statute (three years versus two years), would serve as a pre-determination of the lack of willfulness by Defendant. This would be contrary to establish case law.[9]

Judge Albritton of the Middle District granted notice for three years for the undersigned in the case of *White v. Osmose*, 204 F.Supp.2d 1309, 1318 (M.D. Al, 2002). The following Northern District judges have adopted the same approach in the following cases for the undersigned: Judge Scott Coogler (*Harris, et al v. Glassforms, Inc.,* 06-CV-00402-LSC*)*; Judge Johnson (*Anderson, et al v. Cinram, Inc.*, CV-06-J-1108-NE); Judge Karon Bowdre (*Cowan, et al v. Talladega Health Care Center, Inc.*, CV-06-BE-0910-E); Judge Inge Johnson (*Bates, et al v. MPW Industrial Services, Inc.*, CV-07-J-1441-NE); Judge Proctor (orally) (*Williams, et al v. McGuffey Health Care, L.L.C.*, CV-06-P-2017-RDP); Judge Johnson (*Earnest, et al v. Warrior Hauling, LLC*, CV 03-J-3354-S); and, Judge Bowdre (*Vladimir*

---

8*McLalin v. Richland Shoe Company*, 108 Supreme Court 1677, 1682 (1988).
9*Chao v. Self Pride, Inc.*, 2005 U.S. Dist. LEXIS 11653 ("generally where a court finds a defendant has violated the FLSA, the affected employees are automatically entitled to liquidated damages under 29 U.S.C. §216(b)" [HN12] *33).

19

*Shilkrot v. Clear Channel Entertainment, Inc.*, CV 02-BE-1264-S).

## V.    Conclusion

The undersigned has filed virtually identical collective actions against other medical facilities in the last two years. In *Cowan v. Talladega Health Care*, Judge Bowdre conditionally certified the class, and an unheard of fifty percent of those to whom notice was sent opted in. In the case of *Priscilla Williams v. McGuffey*, Judge Proctor orally conditionally certified the class, but the matter was settled prior to notice being issued. Several other similar classes have been settled prior to a ruling on conditional certification alleging the same violations of the FLSA. Defendants in those cases, like the one in the matter before this Court, do not adequately staff medical facilities in order to comply with the FLSA on providing unpaid lunches and ensuring that employees are paid for all hours worked. Instead, this Defendant, as have others made the subject of the above cases, has sought to save money at the employee's expense,[10] violating the FLSA in the process. Plaintiffs have met their burden at this stage of the proceeding to conditionally certify the class and to have notice to issue. A proposed notice is submitted as an exhibit to the Motion filed in this matter.

Dated:    January 24, 2008

---

10"The FLSA, 29 U.S.C. 201 et seq., was enacted to ensure that employees receive a 'fair day's pay for a fair day's work,' *Overnight Motor Transp. Co. V. Missel*, 316 U.S. 572, 578; 62 S.Ct. 1216, 86 L.Ed. 1682 etc."

Respectfully submitted,

/s/ David R. Arendall

_____

David R. Arendall
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

M. Jefferson Starling III, Esq.

/s/ David R. Arendall

_____

Of Counsel

21