IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL BROWN,

    PLAINTIFF,

V.            CIVIL ACTION NO.:   07-CV-00889-MEF

MAXIMUM EFFICIENCY SQUARED, LLC
d/b/a Bullock County Hospital,

    DEFENDANT.

## PLAINTIFFS' EVIDENTIARY SUBMISSIONS TO THEIR BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND TO FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

Plaintiffs file the following evidentiary submissions to their Brief in support of their Brief in support of Motion for Conditional Class Certification.

| No. | Description |
|-----|-------------|
| 1 | Declaration of Michael Brown |
| 2 | Declaration of Carold Battle |
| 3 | Declaration of Judy Davis |
| 4 | Declaration of Christopher France |
| 5 | Excerpts from Employee Handbook |

1

Respectfully submitted,

/s/ David R. Arendall
_____
David R. Arendall
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

M. Jefferson Starling III, Esq.

/s/ David R. Arendall
_____
Of Counsel

PLAINTIFFS' EVIDENTIARY SUBMISSION 1

TO THEIR BRIEF IN SUPPORT OF

MOTION FOR CONDITIONAL CLASS CERTIFICATION AND

TO FACILITATE COURT-APPROVED NOTICE

UNDER 29 U.S.C. §216(b)

## DECLARATION OF MICHAEL BROWN

1. My name is Michael Brown. I am over the age of 19 years. I reside in Montgomery, Alabama.

2. I began working for Bullock County Hospital (Bullock) in June of 2004 as a nurse.

3. I worked in that position until approximately May of 2006, when I was promoted to nurse manager. The following statements apply to my time as a nurse.

4. My rate of pay as a nurse was $26.48 per hour.

5. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

6. Bullock deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we were short-handed or my heavy workload to leave my station.

7. Further, there were many times when I would begin my work for Bullock before my shift actually began. On occasion, I worked after my shift ended because of the work load and because of short staffing. I was not paid for all of this time worked.

I declare under penalty of perjury that the above is true and correct.

Executed this _1/19/08_ (date).

_____
Michael Brown

**PLAINTIFFS' EVIDENTIARY SUBMISSION 2**

**TO THEIR BRIEF IN SUPPORT OF**

**MOTION FOR CONDITIONAL CLASS CERTIFICATION AND**

**TO FACILITATE COURT-APPROVED NOTICE**

**UNDER 29 U.S.C. §216(b)**

## **DECLARATION OF CAROLD BATTLE**

1. My name is Carold Battle. I am over the age of 19 years. I reside in Union Springs, Alabama.

2. I worked for Bullock County Hospital (Bullock), for 19 years. I cannot remember my exact hire date. I worked until approximately July of 2007.

3. I was employed as a ER tech.

4. My last rate of pay with Bullock was approximately $6.65 per hour. I cannot remember my exact rate of pay.

5. At all times while employed with Bullock, I was classified as a non-exempt, hourly paid employee.

6. At the time I worked for Bullock, I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. Bullock deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we were short-handed or my heavy workload to leave my station.

8. For all the time I worked for Bullock during lunch, I was not paid by Bullock.

9. Further, there were many times when I would begin my work for Bullock before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid for this time worked.

I declare under penalty of perjury that the above is true and correct.

Executed this ____1-15-08____ (date).

____Carold Battle____
Carold Battle

# PLAINTIFFS' EVIDENTIARY SUBMISSION 3

# TO THEIR BRIEF IN SUPPORT OF

# MOTION FOR CONDITIONAL CLASS CERTIFICATION AND

# TO FACILITATE COURT-APPROVED NOTICE

# UNDER 29 U.S.C. §216(b)

## DECLARATION OF JUDY DAVIS

1. My name is Judy Davis. I am over the age of 19 years. I reside in Union Springs, Alabama.

2. I worked for Bullock County Hospital (Bullock), from 2004 until April of 2006.

3. I was employed as a Unit Clerk.

4. My rate of pay at the time I resigned from Bullock was approximately $7.60 per hour. I cannot remember my exact rate of pay.

5. At all times while employed with Bullock, I was classified as a non-exempt, hourly paid employee.

6. At the time I worked for Bullock, I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. Bullock deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we were short-handed or my heavy workload to leave my station.

8. For all the time I worked for Bullock during lunch, I was not paid by Bullock.

9. Further, there were many times when I would begin my work for Bullock before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid for this time worked.

I declare under penalty of perjury that the above is true and correct.

Executed this __1-15-08__ (date).

_____
Judy Davis

PLAINTIFFS' EVIDENTIARY SUBMISSION 4

TO THEIR BRIEF IN SUPPORT OF

MOTION FOR CONDITIONAL CLASS CERTIFICATION AND

TO FACILITATE COURT-APPROVED NOTICE

UNDER 29 U.S.C. §216(b)

## DECLARATION OF CHRISTOPHER FRANCE

1. My name is Christopher France. I am over the age of 19 years. I reside in Union Springs, Alabama.

2. I am employed with Bullock County Hospital (Bullock) and have been employed there since June of 2007. I cannot remember my exact hire date.

3. I am employed as a Mental Health Tech.

4. My current rate of pay with Bullock is $7.85 per hour.

5. At all times while employed with Bullock, I was classified as a non-exempt, hourly paid employee.

6. I am rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. Bullock deducts from my pay 30 minutes per day for my lunch regardless of whether I actually take the full time or if I take only a portion of the time for my lunch. Seldom do I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload and I am unable to leave my station.

8. For all the time I have worked for Bullock during lunch, I was not paid by Bullock.

9. Further, there were many times when I would begin my work for Bullock before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid for this time worked.

I declare under penalty of perjury that the above is true and correct.

Executed this _____Jan 24, 08_____ (date).

_____Christopher France_____
Christopher France

# PLAINTIFFS' EVIDENTIARY SUBMISSION 5

# TO THEIR BRIEF IN SUPPORT OF

# MOTION FOR CONDITIONAL CLASS CERTIFICATION AND

# TO FACILITATE COURT-APPROVED NOTICE

# UNDER 29 U.S.C. §216(b)



Bullock County Hospital

"Where Caring Counts"

# Employee Handbook

# BULLOCK COUNTY HOSPITAL

*"Where Caring Counts"*

To be eligible for call pay, the employee classification must reflect responsibilities and work duties above and beyond the usual requirements of a normal workday. For example, the home health nurse on call for weekend and for weekday after hours duty; and the radiology technician may both qualify for call pay. However, the call pay may be determined differently, and for different amounts, because of the diverse duties associated with these positions.

Call pay amounts, if any, are determined by the Administrator and are posted in the Human Resource Department.

**Hourly Employee:**

An employee who receives a set wage per hour worked, and who is eligible for a set wage per hour (overtime) for time over eighty (80) hours per each two-week pay period. In determining increments of pay for the hourly employee, each quarter hour (each 15 minutes) will be rounded off as appropriate. (The employee must work at least four (4) hours into the next shift or work time to be eligible for shift differential pay.)

**Salaried Employee:**

An employee whose compensation for time worked is paid in a set salary per year and divided equally over twenty-six (26) pay periods annually. A salaried employee is not eligible for overtime pay.

**Per-Visit Employee:**

Certain home health employees may be classified for pay on a per-visit basis as noted in the home health division policies and procedures.

# OVERTIME

The hospital supervisors make every effort possible to ensure adequate staffing for patient care and maintenance of hospital functioning. BCH complies with appropriate wage and hour laws associated with overtime compensation.

No overtime will be authorized or paid without prior approval from the appropriate supervisor.

Documentation of the supervisor approval will be noted on the employee time card. Without the documented supervisor approval, overtime will not be compensated.

# BULLOCK COUNTY HOSPITAL

*"Where Caring Counts"*

In an emergency or urgent need situation, when the appropriate supervisor of the affected department cannot be reached within a reasonable length of time, the house supervisor may authorize the overtime approval and document this on the employee's time card.

## RAISES

BCH evaluates employees' wages and salaries on an annual basis, and compares the results with the area's similar-sized and similar-functioned businesses. Cost of living raises are added to the overall employee payroll as appropriate, and within budgetary guidelines.

Merit raises are recognized as important to help reward and commend employees for excellent efforts and results. Any disbursed merit raise will be based upon an employee's annual performance evaluation.

## JOB CLASSIFICATION

Bullock County Hospital maintains an established procedure designed to evaluate positions in terms of job responsibility, educational requirements, physical demands, and necessary work experience.

## WORK SCHEDULE

Bullock County Hospital administration recognizes that patient care is a twenty-four hour-a-day and seven day-a-week responsibility. Even though full time employees normally work ten (10) days per two-week pay period, occasionally they may be required to adjust to work more hours, or adjust down for times of low census. Each Department Head is responsible for scheduling their department employees in a manner that will provide for this health care service and maintain facility functioning.

Scheduling of employees to provide coverage for the needs of our patients and the needs of the facility to provide these services, is a tremendously difficult, time-consuming, and complex task. The importance of the scheduling tasks cannot be overemphasized.

Appropriate scheduling demands cooperation and flexibility from each and every one who works for the facility.

**Employee Scheduling:**

On a recurring and predictable basis, each Department Head posts an employee work schedule to cover a two-week work period. Once the Department schedule is posted, changes will not be made except in cases of extreme hardship, at the supervisor's discretion.

# BULLOCK COUNTY HOSPITAL

*"Where Caring Counts"*

**Unexcused Absence:**

An unexcused absence results from a "no call, no show", from documented trending or absence frequency, from failure to submit a physician excuse or statement when requested by a supervisor, failure to provide prior notification, or other noncompliance with policy.

Without prior supervisor approval to waive daily contact by the employee with the supervisor, an employee who is absent without contacting the appropriate supervisor for two (2) consecutive days is considered to have quit their employment without notice.

## TARDINESS

Each employee is expected to be in the area of work responsibility, and to be ready to begin work, by the time scheduled. This also holds true for each employee in resuming work after an approved break or mealtime. Trends of tardiness patterns and frequent tardy events of an employee will result in counseling and in progressive disciplinary procedures, up to and including termination of employment.

## TIME CARD SYSTEM

In order to provide a fair and consistent method for recording employee time worked, the hourly wage employees use the electronic time card system. The time card is a legal payroll document, issued every pay period. Occasionally, due to electrical power issues or special scheduling needs, the electronic time system will be by-passed. If this is done, a supervisor must either make the entry, or must validate the entry by his or her initial, before the time card is submitted to payroll. With this in mind, any fraudulent time entry will necessitate disciplinary action up to and including dismissal from employment.

**Time Sheet:**

Some classes of employees, e.g. salaried employees, will record time worked on a handwritten time sheet. The employee's supervisor will validate all entries.

## CLOCK-IN PROCEDURE

- <u>Each employee will clock in only on his or her own time card.</u>

  - No other employee is allowed to clock in for an employee.

- <u>If an employee clocks in or out outside of the approved times, without prior supervisor approval, the extra time will not be approved and will not be paid.</u>

# BULLOCK COUNTY HOSPITAL

*"Where Caring Counts"*

- ➢ Each employee is required to clock in, (or sign in, if appropriate) no earlier than eight (8) minutes before the scheduled work time.

- ➢ Each employee is required to clock out no later than eight (8) minutes after the end of the scheduled work time, unless the appropriate supervisor has approved overtime for a set period.

❖ <u>Meals and authorized break times will be accurately documented on the time card.</u>

- ➢ Meal times are for thirty (30) minutes duration, and the employee must clock out if he or she leaves the hospital premises.

- ➢ The employee's supervisor will grant one fifteen (15) minute rest break per eight-hour work period, if the work load allows. A rest break is not guaranteed due to the nature of patient care workload.

❖ <u>Each employee must validate the accuracy of his or her own time card before it is submitted to the appropriate supervisor for validation.</u>

- ➢ Check all beginning and ending work times for accuracy.

- ➢ Check days off for accuracy.

- ➢ Check to be sure that no other employee has inadvertently clocked in or out on your time card.

- ➢ Make any notations or corrections on the back of the card.

- ➢ Sign your time card, it is a legal payroll document.

❖ <u>To indicate that the supervisor has checked the accuracy and completeness of each employee's time card or time sheet, the supervisor must initial the card before it is sent to payroll.</u>

## PAYDAY AND PAY PERIODS

BCH maintains a two-week pay period, which begins on Sunday and ends on Saturday. Friday is designated as payday on the appropriate two-week intervals. The forty hour workweek is designated Sunday through Saturday. Payroll is directly deposited into the employees checking/savings accounts, and is available at the start of the business day for the financial institution.