IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL BROWN,

      Plaintiff,         Civil Action No. 07-cv-00889-MEF

v.

MAXIMUM EFFICIENCY SQUARED, LLC,
d/b/a Bullock County Hospital

      Defendant.

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now the Plaintiff, Michael Brown, and moves this Honorable Court for leave to amend his Complaint heretofore filed in this cause, and shows unto this Court the following:

1.     Plaintiff filed his Complaint in this matter on October 4, 2007.

2.     Defendant in this matter has been properly served and an Answer has been filed.

3.     Since the filing of the Complaint in this cause, Plaintiff has been made aware of two other individuals who have similar claims to that of the Plaintiff who desire to become named plaintiffs in this cause.

4.     Plaintiff has filed simultaneously herewith his Motion to Dismiss his

claims for race, retaliation and record keeping, which were contained in his original Complaint.

    5.    Attached to this Motion as Exhibit A is Plaintiff's Amended and Restated Complaint which correctly states the remaining claims of the Plaintiff in this matter.

NOW THEREFORE, Plaintiff moves this Honorable Court to allow him to amend his Complaint heretofore filed pursuant to the terms set forth above.

    /s/ David R. Arendall
    _____
    David R. Arendall
    Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office;205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   M. Jefferson Starling, III

    /s/ David R. Arendall
    _____
    Of Counsel

# EXHIBIT A

# TO

# PLAINTIFF'S MOTION

# FOR LEAVE TO

# AMEND COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**MICHAEL BROWN,**
**CAROLD BATTLE, and**
**JUDY DAVIS**

   **Plaintiffs,**   Civil Action No. 07-cv-00889-MEF

**v.**

**MAXIMUM EFFICIENCY SQUARED, LLC,**
d/b/a Bullock County Hospital

   **Defendant.**   **JURY TRIAL DEMANDED**

## AMENDED AND RESTATED COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331.. An Opt-in Collective Action is sought under 29 U.S.C. § 216(b).

### II. PARTIES

2. Plaintiff, Michael Brown, (hereinafter Brown and/or Plaintiff), is a resident of the State of Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was

1

an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Middle District, Northern Division.

3.  Plaintiff, Carold Battle (hereinafter Battle and/or Plaintiff), is resident of the State of Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Middle District, Northern Division.

4.  Plaintiff, Judy Davis (hereinafter Davis and/or Plaintiff), is resident of the State of Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C.§ 1391(b), venue for this action lies in the Middle District, Northern Division.

5.  Defendant Maximum Efficiency Squared, LLC d/b/a Bullock County Hospital (hereinafter Defendant) is a corporation registered to do business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(f).

### III. STATEMENT OF FACTS

6.  Plaintiffs hereby incorporate by reference each of the allegations

contained in paragraphs 1-5 above.

## MICHAEL BROWN

7. Brown began work with Defendant in June, 2004 as a nurse. Plaintiff served in that position until approximately May, 2006 when he became a nurse manager.

8. At all times during Brown's employment, he was employed as an hourly, non-exempt employee.

9. Up until the time Brown became nurse manager, he worked a 7:00 a.m. to 7:00 p.m. shift; three days one week and four days the next, although Plaintiff often worked extra hours.

10. Brown regularly worked over forty hours in a work week, but was paid for only some of his hours in excess of forty in a work week at 1.5 times his regular hourly rate.

## CAROLD BATTLE

11. Battle worked with Defendant for 19 years as an ER Tech. Battle worked for Defendant until June or July of 2007.

12. At all times during Battle's employment, she was employed as an hourly, non-exempt employee.

13. Battle regularly worked over forty hours in a work week and was not paid

3

for all the hours she worked in excess of forty at 1.5 times her regular hourly rate.

## **JUDY DAVIS**

14. Davis worked for Defendant from 2004 until April of 2006. Davis was employed by Defendant as a Unit Clerk.

15. At all times during Davis' employment, she was employed as an hourly, non-exempt employee.

16. Davis regularly worked over forty hours in a work week and was not paid for all the hours she worked in excess of forty at 1.5 times her regular hourly rate.

## **FACTS COMMON TO ALL PLAINTIFFS**

17. Each Plaintiff and other similarly situated employees would begin work as soon as they clocked in, which would be before the official start of their shift. Defendant did not properly apply "rounding" in accord with 29 C.F.R. 785.48(b).

18. At the end of their scheduled shift, each Plaintiff and other similarly situated employees worked past the end of their scheduled shifts, yet were not paid for all hours worked in excess of forty in a work week, since Defendant did not properly apply "rounding" in accord with 29 C.F.R. 785.48(b).

19. Defendant automatically deducted thirty minutes for lunch, while not fully relieving Plaintiffs and other similarly situated employees from their work

4

duties and work stations. As a result, Plaintiffs and other similarly situated employees were regularly interrupted during their unpaid lunch period in violation of 29 C.F.R. 785.19.

### IV. COUNT ONE - FLSA VIOLATION 29 C.F.R. 785.19

20. Each Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 19 above.

21. Defendant has willfully violated the FLSA in regards to each Plaintiff and other similarly situated employees by failing to provide each Plaintiff and other similarly situated employees an uninterrupted unpaid meal break fully relieved from their work duties and work stations as required pursuant to 29 C.F.R. 785.19.

22. Defendant has willfully violated the provisions of the FLSA by failing to pay each Plaintiff and other similarly situated employees, for all hours worked in excess of forty in a work week, as set forth herein.

23. As the result of Defendant's willful violation of the FLSA, each Plaintiff and other similarly situated employees have been damaged, suffering loss of pay.

### V. COUNT TWO - FLSA VIOLATION OFF THE CLOCK WORK – PRE/POST SHIFT

24. Each Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 23 above.

5

25. Defendant has willfully violated the FLSA regarding each Plaintiff, and other similarly situated employees, by working each Plaintiff, and other similarly situated employees, "off the clock" pre and post shift.

26. Defendant has willfully and intentionally violated the provisions of the FLSA by failing to pay each Plaintiff and other similarly situated employees for all hours worked in excess of forty in a work week, as set forth herein.

27. As the result of Defendant's willful violation of the FLSA, each Plaintiff and other similarly situated employees have been damaged, suffering loss of pay.

### VI.    COUNT THREE - FLSA VIOLATION 29 C.F.R. 785.48(b)

28. Each Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 27 above.

29. Defendant has willfully violated the FLSA regarding each Plaintiff and other similarly situated employees by failing to properly apply rounding to the time entries of each Plaintiff and similarly situated employees in violation of 29 C.F.R. 785.48(b).

30. Defendant has willfully violated the provisions of the FLSA by failing to pay each Plaintiff and other similarly situated employees, for all hours worked in excess of forty in a work week, as set forth herein.

31. As the result of Defendant's willful violation of the FLSA, each Plaintiff

and other similarly situated employees have been damaged, suffering loss of pay.

## VII. COUNT FOUR – WORK AND LABOR

32. Each Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant has failed to pay each Plaintiff for time worked for Defendant's benefit off the clock pre-shift, post-shift, and during lunch for those weeks in which they worked under 40 hours.

34. As a result of Defendant's actions, each Plaintiff, and other similarly situated employees, have been damaged.

## VII. COUNT FIVE – OPT-IN COLLECTIVE ACTION

35. Each Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Plaintiffs bring this suit as an opt-in collection action pursuant to 29 U.S.C. §216(b).

37. Defendant employed approximately 150 employees in other positions subject to the same policies as were Plaintiffs for three years preceding the filing of this complaint. There has been substantial turnover of the similarly-situated employees of Defendant during the last three years.

38. The potential class is comprised of any and all persons employed by

7

Defendant at its Union Springs facility and performing duties pre-shift and/or post-shift and/or during lunch without being paid at 1.5 times their regular hourly rate for all hours worked over 40 in any work week during the three (3) years preceding the filing of this Complaint.

39.  Upon information and belief, Defendant has refused and is refusing to pay all employees at its Union Springs facility for performing duties pre-shift and/or post-shift duties and/or during lunch as set forth above. Therefore, the potential plaintiff class is so numerous that joinder is impracticable.

40.  Upon information and belief, the practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

41.  Upon information and belief, the claims of the representatives are typical of claims of the class. Each Plaintiff was subjected to the same unlawful employment practices concerning the alleged violations of the FLSA, as were other members of the class.

42.  Upon information and belief, Plaintiffs will fairly and adequately protect the interest of the class in that they were victimized by Defendants FLSA violations as were other members of the class. Plaintiffs have employed counsel who will vigorously prosecute the interests of the class.

43. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant with all class members.

44. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

**VIII.    PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. The Court issue judicial notice for potential class members to opt-in under the FLSA or, in the alternative, that the Court will certify the class for this action;

C. This Court award each Plaintiff and other similarly situated employees and former employees of Defendant the amount of their unpaid wages, plus an additional equal amount as liquidated damages;

D. That each Plaintiff be granted judgment against Defendant for all

9

reasonable attorneys' fees, costs, disbursements and interest; and

  E. For such other and further relief as this Court deems equitable, proper and just.

            Respectfully submitted,

            /s/ David R. Arendall

            David R. Arendall
            Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

      PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.

            /s/ David R. Arendall

            Of Counsel

### CERTIFICATE OF SERVICE

 I hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: M. Jefferson Starling, III

            /s/ David R. Arendall

            Of Counsel

10