IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MAXIMUM EFFICIENCY** ) <br> **SQUARED, LLC, d/b/a Bullock** ) <br> **County Hospital,** ) <br> ) <br> Defendant. | **CIVIL ACTION NO.** <br> **2:07-CV-889-MEF** |

**DEFENDANT'S OBJECTIONS TO PROPOSED CLASS NOTICE**

Defendant Maximum Efficiency Squared, LLC ("MES") files the following objections to Plaintiffs' Proposed Class Notice under 29 U.S.C. § 216(b) (Doc. 18-2). Specifically, MES shows the following:

1.  Plaintiffs filed a Motion for Conditional Class Certification on January 24, 2008. (Doc. 8).[1] Plaintiffs' proposed class notice is attached as Exhibit A to the Motion. MES objects to the notice proposed by the Plaintiffs. These objections include, but are not limited to, the following statements/omissions:

---

[1] MES has filed a response brief and evidentiary material in opposition to Plaintiffs' Motion for Conditional Class Certification.

955997.1

- The proposed notice contains the incorrect three year time period, which should be measured from the date that notice, if any, is sent out.

- Counsel for the Defendant is not listed in the proposed notice. See, e.g., Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 264 (S.D.N.Y. 1997); Belcher v. Shoney's, Inc., 927 F. Supp. 249, 254-55 (M.D. Tenn. 1996).

- The proposed notice does not indicate that the opt-in plaintiffs will be bound by the strategic decisions of the class representatives. See, e.g., Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 264 (S.D.N.Y. 1997); Belcher v. Shoney's, Inc., 927 F. Supp. 249, 254 (M.D. Tenn. 1996).

- The proposed notice does not indicate that the opt-ins may be liable for costs or counterclaims. See, e.g., Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 264 (S.D.N.Y. 1997).

- In Sections II and III, the proposed notice describes one of the claims and bases to join the lawsuit as not being "paid for all hours worked in excess of eight in a work day or 80 in a bi-weekly pay period at 1.5 times their regular hourly rate." As further explained in Defendant's Brief in Response to Plaintiff's Motion for Conditional Class Certification (Doc. 26), MES does not and has never calculated overtime compensation for employees at Bullock County Hospital based on an 80-hour bi-weekly pay period. Instead, MES calculates overtime based on a 40-hour work week. Accordingly, this description is factually inappropriate and may lead to persons attempting to opt-in who have no claim.

- In Sections II and III, the proposed notice describes one of the claims and bases to join the lawsuit as not receiving "an unpaid lunch that was in a location away from the employees' work station and that was uninterrupted from work duties." Nothing in the Fair Labor Standards Act requires an uncompensated lunch be taken in an area away from the employee's work station. Accordingly, this description is factually inappropriate and may lead to persons attempting to opt-in who have no claim.

- Section VII does not provide a cut-off date for individuals to submit opt-in forms to Plaintiffs' counsel or a cut-off date for Opt-in Consent forms to be filed with the Court. A deadline for filing Consent forms

with the court is essential to the efficient management and resolution of the case.

- Section VIII of the proposed notice should be in all capital letters and in bold type font. See, e.g., Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 264 (S.D.N.Y. 1997); Belcher v. Shoney's, Inc., 927 F. Supp. 249, 255 (M.D. Tenn. 1996).

2. In light of these objections, MES proposes that, should the Court grant Plaintiffs' Motion for Conditional Class Certification, in whole or in part, the Court provide the parties an opportunity to develop a joint proposed form of class notice that can then be submitted to the Court for approval.

3. In light of the foregoing, MES objects to the proposed class notice attached as Exhibit A to Plaintiffs' Motion for Conditional Class Certification. Assuming *arguendo* that this Court grants Plaintiffs' Motion for Conditional Class Certification, MES respectfully requests that this Court direct the parties to develop a mutually acceptable form of notice.

/s/ M. Jefferson Starling, III
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306

955997.1                                             3

Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 15th day of February, 2008:

David R. Arendall
Allen Durham Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

                                              /s/ M. Jefferson Starling, III
                                              OF COUNSEL