# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-CV-889-MEF |
| MAXIMUM EFFICIENCY ) | |
| SQUARED, LLC, d/b/a Bullock ) | |
| County Hospital, ) | |
| ) | |
| Defendant. | |

## ANSWER

Defendant Maximum Efficiency Squared, LLC (hereinafter "Defendant" or "MES"), by and through its attorneys, and pursuant to applicable Local Rules for the Middle District of Alabama and the Federal Rules of Civil Procedure, hereby files the instant Answer and Affirmative Defenses to the Amended and Restated Complaint of plaintiffs.

### I. JURISDICTION

1.  Admitted that plaintiffs purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, asserting that the Court has jurisdiction over this matter, and seeking a collective

action. Except as expressly admitted, MES denies the remaining allegations in paragraph 1.

## II. PARTIES

2.  Admitted that plaintiff Michael Brown was employed by MES and that venue is proper. Upon information and belief, MES admits that plaintiff Michael Brown is a resident of the State of Alabama. Except as expressly admitted, MES denies the remaining allegations in Paragraph 2.

3.  Admitted that plaintiff Carold Battle was employed by MES and that venue is proper. MES is without knowledge or information sufficient to admit or deny whether plaintiff Carold Battle is a resident of the State of Alabama. Except as expressly admitted, MES denies the remaining allegations in Paragraph 3.

4.  Admitted that plaintiff Judy Davis was employed by MES and that venue is proper. MES is without knowledge or information sufficient to admit or deny whether plaintiff Judy Davis is a resident of the State of Alabama. Except as expressly admitted, MES denies the remaining allegations in Paragraph 4.

5.  MES admits that it is registered to do business in the State of Alabama and that the Court has personal jurisdiction over MES. Except as expressly admitted, MES denies the remaining allegations in Paragraph 5.

## III. STATEMENT OF FACTS

6. MES incorporates by reference its responses to Paragraphs 1-5 of the Amended Complaint.

### MICHAEL BROWN

7. Denied.

8. Admitted.

9. Denied.

10. Denied.

### CAROLD BATTLE

11. Denied.

12. Admitted.

13. Denied.

### JUDY DAVIS

14. Admitted.

15. Admitted.

16. Denied.

### FACTS COMMON TO ALL PLAINTIFFS

17. Denied.

18. Denied.

19. Denied.

## IV. COUNT ONE—FLSA VIOLATION 29 C.F.R. 785.19

20. MES incorporates by reference its responses to Paragraphs 1-19 of the Amended Complaint.

21. Denied.

22. Denied.

23. Denied.

## V. COUNT TWO—FLSA VIOLATION OFF THE CLOCK WORK – PRE/POST SHIFT

24. MES incorporates by reference its responses to Paragraphs 1-23 of the Amended Complaint.

25. Denied.

26. Denied.

27. Denied.

## VI. COUNT THREE—FLSA VIOLATION 29 C.F.R. 785.48(b)

28. MES incorporates by reference its responses to Paragraphs 1-27 of the Amended Complaint.

29. Denied.

30. Denied.

31. Denied.

## VII. COUNT FOUR—WORK AND LABOR

32. MES incorporates by reference its responses to Paragraphs 1-31 of the Amended Complaint.

33. Denied.

34. Denied.

## VII.[1] COUNT FOUR—OPT-IN COLLECTIVE ACTION

35. MES incorporates by reference its responses to Paragraphs 1-34 of the Amended Complaint.

36. MES admits that plaintiffs seek to bring this action as an opt-in collective action pursuant to Section 16(b) of the Fair Labor Standards Act, but MES denies that plaintiffs are entitled to maintain this lawsuit as an opt-in collective action.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

---

[1] The Amended Complaint contains two sections labeled "VII."

44. Denied.

## VIII. PRAYER FOR RELIEF

MES incorporates by reference its answers to Paragraphs 1- 44 of the Amended Complaint.

In response to the plaintiff's Prayer for Relief and Paragraphs A through E, MES denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Except as specifically admitted herein, MES denies each and every allegation of the Complaint and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are barred or limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited because any alleged non-compliance with the Fair Labor Standards Act by MES was not willful.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for liquidated damages are barred in whole or in part because MES acted in good faith and had reasonable grounds for believing that any act or omission giving rise to such claim was not a violation of the FLSA.

### **SIXTH AFFIRMATIVE DEFENSE**

Some or all of the work plaintiffs allege to have performed was not compensable.

### **SEVENTH AFFIRMATIVE DEFENSE**

Even if plaintiffs allege facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the FLSA.

### **EIGHTH AFFIRMATIVE DEFENSE**

Some or all of plaintiffs' claims are barred by the doctrines of waiver, unclean hands, estoppel and/or laches.

### **NINTH AFFIRMATIVE DEFENSE**

A collective action is not proper in this case and plaintiffs are not similarly situated to the putative collective members.

### **TENTH AFFIRMATIVE DEFENSE**

MES has paid plaintiffs all compensation to which they are entitled.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

MES is entitled to a credit or offset against any claim for unpaid wages because plaintiffs were paid in excess of that required by the FLSA or for time that was not compensable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because MES acted in good faith in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor or the courts regarding any act or omission giving rise to the claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

MES is entitled to a setoff against the plaintiffs' claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be denied in whole or in part on the basis of payment, release and accord and satisfaction.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must be denied in whole or in part on the basis of lack of consideration.

MES reserves the right to supplement its Answer to raise additional factual and legal defenses as they may become known through discovery and during the proceedings in this case.

WHEREFORE, MES prays that judgment be entered in its favor and against plaintiffs and that plaintiffs be assessed with the costs and attorney's fees associated with this case and such other and further relief as the Court may deem appropriate.

/s/ Daniel E. Harrell
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 18th day of February, 2008:

David R. Arendall
Allen Durham Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

                                            /s/ Daniel E. Harrell
                                            OF COUNSEL