IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-CV-889-MEF |
| MAXIMUM EFFICIENCY ) | |
| SQUARED, LLC, d/b/a Bullock ) | |
| County Hospital, ) | |
| ) | |
| Defendant. | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Maximum Efficiency Squared, LLC ("MES") moves this Court for leave to file a Sur-Reply to Plaintiffs' Reply Brief to Defendant's Opposition for [sic] Class Certification. (Doc. 29).

MES requests an opportunity to respond in order to forestall confusion of the issues prompted by Plaintiffs' assertion of novel evidence (see, e.g., Doc. 29-2, Decl. of Michael Brown) and Plaintiffs' expansion of arguments for class certification. Because Plaintiffs failed to present all evidence and to develop completely the arguments in their initial Brief, which was filed prior to amending the complaint, MES could not fully respond in its initial Brief in Response.

958348.1

More importantly, Plaintiffs' Reply Brief either fundamentally misunderstands or misstates the law applicable to the present case. For example, Plaintiffs argue that "[c]onditional [c]ertification is due to be granted because of Defendant's admitted policy of an automatic deduction for meal periods." (Doc. 29, Plaintiffs' Reply Brief, p. 16). The pertinent law does not sustain such an argument, however. In fact, 29 C.F.R. Section 785.19 provides that a thirty minute bona fide meal period is not worktime, and case law indicates that an automatic thirty-minute lunch deduction is not a per se violation of the FLSA. See Enright v. CGH Medical Center, No. 96-C-50224, 1999 WL 24683 at *6 (N.D. Ill. Jan. 12, 1999).

Another example of Plaintiff's misunderstanding and misstatement of the law includes Plaintiffs' reliance on Williams v. Accredited Home Lenders, Inc., No. 1:05-CV-1681-TWT, 2006 WL 2085312 at *4 (N.D. Ga. July 25, 2006). Plaintiffs present a piece-meal summation of one sentence of this case, arguing that this case stands for the proposition that a collective action may not be denied when it arises from any generally applicable rule, policy or practice. (See Doc. 29, p. 14). Without alteration, however, the actual Williams quote reads: "'A court may deny plaintiff's right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy or practice.'" Id. at *4. Thus, the Williams quote simply points out that a court

958348.1                                2

may deny class certification if it arises from personal circumstances *as opposed to* any generally applicable rule, policy or practice. Accordingly, Plaintiffs' summation is dubious at best. Furthermore, the <u>Williams</u> case ultimately finds that conditional class certification is inappropriate if individualized inquiries are necessary, thus making Plaintiffs' reliance on this case entirely inapt.

Because Plaintiffs' Reply Brief presents new evidence, expands arguments not fully developed in Plaintiffs' original brief in support, and misunderstands and misstates the law applicable to this matter, MES respectfully requests that the Court grant it leave to file a short Sur-Reply to address these issues.

/s/ M. Jefferson Starling, III
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 27th day of February, 2008:

David R. Arendall
Allen Durham Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

                                      /s/ M. Jefferson Starling, III
                                      OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAXIMUM EFFICIENCY )<br>SQUARED, LLC, d/b/a Bullock )<br>County Hospital, )<br>)<br>Defendant. | CIVIL ACTION NO.<br>2:07-CV-889-MEF |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY BRIEF**

Defendant Maximum Efficiency Squared, LLC ("MES") files this sur-reply to respond to the novel evidence and arguments presented in Plaintiff's Reply Brief and to forestall any confusion prompted by Plaintiffs' misstatement of the law.

**A.   A Legal 30-Minute Automatic Lunch Deduction is Not Sufficient Evidence that All Hourly Employees are Similarly Situated**

The crux of Plaintiffs' FLSA claims is that, on some days, they had to work during part or all of their lunch period and were not paid for the time they worked. Nevertheless, Plaintiffs' argument that the Court should conditionally certify a class and approve notice to all current and former MES employees at Bullock County Hospital can be summarized as follows: MES automatically deducted 30 minutes pay for lunch; therefore, all employees are similarly situated to Plaintiffs.

958822.1

(See Doc. 29, Plaintiffs' Reply Brief, p. 16 ("[c]onditional [c]ertification is due to be granted because of Defendant's admitted policy of an automatic deduction for meal periods.")). In addition to being a non-sequitur, Plaintiffs' argument fails because they have not demonstrated that other employees were similarly subject to an unlawful policy.

Plaintiffs' argument appears to stem from a misunderstanding and misstatement of the law. First, an automatic lunch deduction, such as that used by MES, does not violate the FLSA. See Enright v. CGH Medical Center, No. 96-C-50224, 1999 WL 24683 at *6 (N.D. Ill. Jan. 12, 1999) (finding that a "policy of automatically deducting a 30-minute lunch period is not violative of the FLSA on its face"). Indeed, 29 C.F.R. Section 785.19 specifies that 30-minute bona fide meal periods are not considered compensable worktime (the employee is not working). Consequently, automatically deducting 30 minutes from the period of time between the time an employee punches in and punches out on a time clock to account for a bona fide 30-minute lunch taken by the employee does not violate the FLSA.

Second, Plaintiffs misconstrue case law by arguing that for purposes of demonstrating that all MES employees are similarly situated it is enough to simply show that employees were subject to the same compensation policy or practice—even though the policy or practice does not result in a violation of the FLSA. That

is incorrect. In fact, one of the cases cited by Plaintiffs makes the opposite point. In <u>Williams v. Accredited Home Lenders, Inc.</u>, No. 1:05-CV-1681-TWT, 2006 WL 2085312 at *4 (N.D. Ga. July 25, 2006), the court, addressing a claim that some of the company's branch managers may have been violating the company's established timekeeping policy by requiring some loan officers to work off-the-clock, found that a collective action was not appropriate where "[p]laintiffs have not shown a ***common policy that violates the FLSA***." <u>Id.</u> at *4 (emphasis added). Other cases also recognize that a common policy must violate the law to support an FLSA collective action. See <u>Kreher v. City of Atlanta</u>, No. 1:04-cv-2561-WSD, 2006 WL 739572 (N.D. Ga. March 20, 2006) ("'Courts have held that plaintiffs can meet [the similarly situated] burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a ***common policy or plan that violated the law***'")(quoting <u>Hoffman v. Sbarro, Inc.</u>, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)(emphasis added)); <u>Harper v. Lovett's Buffet, Inc.</u>, 185 F.R.D. 358 (M.D. Ala. 1999) (same). Needless to say, Plaintiffs must show a connection between their actual FLSA claims and the putative Plaintiffs, not just that they worked for the same employer.

Finally, Plaintiffs' effort to eviscerate the similarly situated standard shows why this case is inappropriate for collective action status. The reason Plaintiffs point to the lunch deduction and claim it is in and of itself a violation of the FLSA

is because they cannot show that working through or during lunch without pay was a common policy or practice applied to all employees. Plaintiffs do not claim that they worked through their entire lunch every day, or that they worked during even part of their lunch every day, much less attempt to allege that other employees worked through parts of or all of their lunches every day. The reason is that each day was different for each employee. To determine whether employees worked off-the-clock during lunch would require a case-by-case analysis of what happened to each employee each day, including whether they worked during lunch, how long they worked, what type of work they performed, whether they took a lunch longer than 30 minutes, whether the interruption was de minimus, etc. The cases cited by Plaintiffs actually make clear that such individualized inquiries render this case inappropriate for collective action status. For example, in <u>Williams v. Accredited Home Lenders, Inc.</u>, the court dismissed a similar motion for class certification involving claims that sometimes or occasionally the employer may have violated the FLSA:

> The best that can be said of the Plaintiff's case is that some loan officers were paid overtime and some were not. If this case goes forward as a collective action, an individualized inquiry into why some were paid overtime is required. The Plaintiffs have not met their burden of making a rudimentary showing of commonality among the claims.

Williams, 2006 WL 2085312 at *4. As this Court clearly acknowledged in Tyler v. Payless Shoe Source, Inc., a plaintiff fails to meet requirements for conditional class certification when the evidence presented requires a fact-specific, case-by-case inquiry by the Court. Tyler v. Payless Shoe Source, Inc., Civil Action No. 2:05-cv-33-F, 2005 U.S. Dist. LEXIS 31682 at *7-*8 (M.D. Ala. Nov. 23, 2005). Accordingly, conditional class certification is inappropriate in the present case.

    **B.    Michael Brown's Role as a Named Plaintiff Presents a Conflict of Interest**

In their Reply Brief, Plaintiffs also confuse the conflict of interest issue by arguing that, although Michael Brown had access to the time system, he had no authority as a supervisor to correct time cards. (See Doc. 29-2, Brown Aff. ¶ 3 ("My responsibilities in regard to time records for any subordinates was to simply total up the time shown on their time cards")). Ironically, the newly submitted affidavit of Michael Brown contradicts Plaintiffs' point. Brown's affidavit notes in paragraph 3 that "[i]f I knew of errors and malfunctioning [sic] time clock, I would add those hours back in." (Doc. 29-2, Brown Aff. ¶ 3). Plaintiffs' assertion that Brown had no discretion to change time clock entries also is refuted by the evidence previously submitted by MES; namely, the time card showing that Brown denied approval of a time card with unscheduled time. (See Doc. 26-2, p.40). Plaintiffs fail to account for such an obvious exercise of the discretion that they claim Brown did not possess.

Another misstatement is Plaintiffs' claim that "supervisors only fulfill the function of trying to correct an employee's time to see that they are paid in accord with their time clock punch that is designed to underpay them." (Doc. 29, Plaintiff's Reply Brief, p. 5). Plaintiffs do not present any evidence in support of this statement and it is contradicted by evidence submitted by MES. (See Doc. 26-2, Harbaugh Decl. ¶¶ 7-9 (explaining MES's time-keeping system)). Finally, Plaintiffs also argue that MES has a policy that violates the FLSA unless corrected by supervisors. Again, Plaintiffs do not submit any evidence in support of this allegation. In addition, it is indisputable that an automatic lunch deduction, on its face, does not violate the FLSA. See Enright, supra.

It is entirely foreseeable that Brown will be asked to testify regarding his role as a Nurse Manager, not simply as a Nurse. In fact, should the Court certify this class, Defendant's counsel fully intends to depose Brown regarding the allegations of other opt-ins over whom he exercised supervisory authority. Accordingly, Plaintiffs' claim that this "potential conflict . . . has not and will not be realized" is a particularly hollow assurance.

WHEREFORE, PREMISES CONSIDERED, Defendant Maximum Efficiency Squared, LLC respectfully requests that this Court deny Plaintiff's Motion for Conditional Class Certification and to Facilitate Court-Approved Notice.

/s/ M. Jefferson Starling, III
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christopher T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the <u>27th</u> day of <u>February</u>, 2008:

David R. Arendall
Allen Durham Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

                                                    /s/ M. Jefferson Starling, III
                                                  OF COUNSEL