THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**MICHAEL BROWN,**

    **PLAINTIFF,**

**VS.**                      **CIVIL ACTION NO.: 07-CV-00889-MEF**

**MAXIMUM EFFICIENCY SQUARED, LLC**

    **DEFENDANT.**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-SUR REPLY BRIEF**

COMES NOW the Plaintiff, by and through undersigned counsel, and files this Motion to File a Sur-Sur Reply Brief in response to Defendant's Motion to File a Sur Reply Brief.

1. Plaintiff has filed a Motion for Conditional Class Certification and to Facilitate Court Approved Notice pursuant to 29 U.S.C. § 216(b).

2. Defendant has filed its opposition to this Motion. Plaintiff filed a Reply Brief shortly thereafter.

3. Defendant has filed with the Court a Motion for leave to file a Sur-Reply Brief. Defendant attached its brief to the motion. The brief contains various misstatements of plaintiff's position and case law which require an extensive response.

4. Furthermore, Defendant's Sur-Reply is an effort to get in the "last

1

word." However, the Sur-reply, instead of discussing the relevant issue of certifying a class and issuing notice, clouds the relevant issue and attempts to sway the Court into following an incorrect standard of law. The only relevant issue before the Court regarding Plaintiff's Motion for Conditional Class Certification and to Facilitate Court Approved Notice pursuant to 29 U.S.C. § 216(b) requires Plaintiff to satisfy two prongs for class certification and notice: (1) whether the evidence before the Court shows that the class is similarly situated, demonstrated "only [by] the pleadings and any affidavits which have been submitted…," *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001); and that other individuals desire to participate in this action, *Harper v. Lovett's Buffet*, 185 F.R.D. 358, 362 (M.D. Ala. 1999). Plaintiff has satisfied that burden. Defendant has admitted a single corporate policy, as well as a single culprit time clock, and other individuals have filed consents to join the litigation.

5. Defendant's Sur-Reply brief appears to make the arguments for decertification and summary judgment. Defendant's argument, both its opposition and sur-reply, appears to fly in the face of the reasoning of previous Courts on the identical issue. In the Northern District of Alabama, Judge Bowdre granted Conditional Class Certification and Notice in *Cowan v. Talladega Healthcare Center, Inc.*, CV-06-BE-0910-E (N.D. Ala. 2006); and Judge Proctor did likewise in *Williams et al v. McGuffey Health Care, L.L.C.,* CV-06-P-2017-M. In both

2

cases, the Courts granted Class Notice for violations of the FLSA based on 29 C.F.R. § 785.19.

6. In the event the Court grants Defendant's Motion for Leave to file a Sur Reply Brief, Plaintiff requests leave to file a Sur-Sur Reply brief within 7 days of the Court's Order.

WHEREFORE, Premises Considered, Plaintiff moves this Honorable Court to allow Plaintiff to file a Sur-Sur Reply Brief to respond to Defendant's misstatements of Plaintiff's position and cited case law.

Respectfully submitted,

/s/ David R. Arendall
_____
David R. Arendall
Counsel for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: M. Jefferson Starling, III

/s/ David R. Arendall
_____
Of Counsel

3