IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN, et al.**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MAXIMUM EFFICIENCY** )<br>**SQUARED, LLC, d/b/a Bullock** )<br>**County Hospital,** )<br>)<br>Defendant. ) | **CIVIL ACTION NO.**<br>**2:07-CV-889-MEF** |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO TOLL THE STATUTE OF LIMITATIONS

Defendant Maximum Efficiency Squared, LLC ("MES") respectfully requests that the Court deny Plaintiffs' Motion to Toll the Statute of Limitations (Doc. 32).[1] In response to Plaintiffs' Motion, MES states as follows:

1.      Under the Fair Labor Standards Act, the statute of limitations period for each opt-in plaintiff runs until that opt-in plaintiff files a consent with the court. 29 U.S.C. § 256 specifically addresses this issue:

> In determining when an action is commenced for the purposes of section 6 [29 U.S.C. § 255 [statute of limitations]] . . . [the action] shall be considered to be commenced in the case of any individual claimant--

---

[1] MES submits its opposition to the present Motion without conceding the merit of Plaintiffs' Motion for Conditional Class Certification.

965472.1

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> 
> (b) **if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.**

29 U.S.C. § 256 (emphasis added).

2.  The Eleventh Circuit has not addressed this issue directly in the FLSA context, but has held that a filed consent is necessary to toll the same statute of limitations under the Age Discrimination in Employment Act. See Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (holding that "by incorporating § 216(b) into the ADEA, Congress also incorporated the principle that only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action"). Other courts consistently have held that opt-in plaintiffs must file consents to toll the statute of limitations in an FLSA collective action. See Woodard v. FedEx Freight East, Inc., No. 3:CV-06-1968, 2008 U.S. Dist. LEXIS 11919, at *55 (M.D. Pa. Feb. 19, 2008) (stating that Congress knew when it amended the FLSA that "time would lapse between the filing of the collective action complaint and the filing of written consents by opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period"); Resendiz-Ramirez v. P & H Forestry, LLC, 515 F. Supp. 2d 937, 943 n.8 (W.D. Ark. 2007) (noting that "the statute of limitations on an opt-in plaintiff's claim is not tolled until he or she files

a consent form with the court"); Quintanilla v. A & R Demolition Inc., No. H-04-1965, 2006 U.S. Dist. LEXIS 39198, at *9 (S.D. Tex. June 13, 2006) (citing Atkins v. GMC, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)) (recognizing that, in an FLSA action, the statute of limitations runs from the opt-in date and that the court cannot alter the express terms of the statute); Salazar v. Brown, No. G87-961, 1996 WL 302673, at *10-11 (W.D. Mich. Apr 9, 1996) (analyzing cases that interpret 29 U.S.C. § 256 and determining that the statute of limitations is not tolled until written consents are filed for each opt-in plaintiff).

3.  Considering the plain language of 29 U.S.C. § 256, as well as the case law interpreting the statute, Plaintiffs' request for tolling of the statute of limitations for putative opt-in plaintiffs is inconsistent with the FLSA.

4.  Defendants further note that Plaintiffs do not have standing to assert the claims of putative opt-in class members who have yet to file consents and presently are not involved in the litigation.

WHEREFORE, PREMISES CONSIDERED, MES respectfully requests the Court to deny Plaintiffs' Motion to Toll the Statute of Limitations.

/s/ M. Jefferson Starling, III
One of the Attorneys For Defendant,
Maximum Efficiency Squared, LLC

**OF COUNSEL:**

M. Jefferson Starling, III
Christophe T. Terrell
Daniel E. Harrell
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the <u>4th</u> day of <u>April</u>, 2008:

David R. Arendall
Allen Durham Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

/s/ M. Jefferson Starling, III
OF COUNSEL