**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**MICHAEL BROWN,
CAROLD BATTLE, and JUDY DAVIS**

      **Plaintiffs,**          Civil Action No. 07-cv-00889-MEF

v.

**MAXIMUM EFFICIENCY SQUARED, LLC,**
d/b/a Bullock County Hospital

**Defendant.**

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO TOLL THE STATUTE OF LIMITATIONS**

COMES NOW the Plaintiff and respond to Defendant's Opposition as follows:

1.    Plaintiff filed a Motion to Toll Statute of Limitations while this Court is allowing the parties to brief Plaintiff's Motion for Conditional Class Certification, consider the briefs and rule on this matter. That is an extremely reasonable request, and it is surprising that Defendant would oppose such a request. More surprising is that Defendant would write an eight page brief in response to a two page motion.

2.    The undersigned filed a virtually identical motion before Judge Karon

1

Bowdre in the case of *Gavin v. The Healthcare Authority for Medical West, an affiliate of UAB Health System*, Case No. CV-07-BE-1902-S.  This Court has granted Plaintiff's Motion to Toll in that case for the same reasons (Document Numbers 15 and 16).  Further, Plaintiff has a similar motion pending in front of Judge Blackburn in the case of *Wise v. NHS Leasing and Consulting, LLC, d/b/a Park Manor Health & Rehabilitation*, Case No. CV-07-B-1622-W.  Judge Blackburn has not formally ruled on this motion, but has orally expressed to counsel for both parties that she believes it is due to be granted.  A hearing on motions pending before Judge Blackburn in the *Wise* case is set for April 10, 2008.

      3.      The FLSA case law cited by Defendant in its numbered paragraph 3 deals with tolling the statute of limitations for opt-in plaintiffs back to the date of the original filing of the complaint.  That is completely different than the request made of this Court to simply toll the statute from the point that Plaintiff filed her Motion for Conditional Class Certification until potential members of the class are provided notice of this action and have an opportunity to join.  For one thing, Plaintiff has asked for a tolling for a relative short period of time.  Secondly, Plaintiff's request is completely logical.

      4.      Defendant cites a number of non-FLSA cases, dealing with both civil and criminal matters.  Even the Eleventh Circuit cases dealing with FLSA matters are not on point to the motion before this Court.  Those cases simply affirm that the

2

statute that someone becomes a member of the collective action when they agree to join. Plaintiff has asked that the time for such individuals to join be equitably tolled while this Court considers Plaintiff's motion.

5.  "The FLSA, 29 U.S.C. § 201, *et seq* was enacted to ensure that employees receive a 'fair day's pay for a fair day's work'" (*Overnight Motor Transportation Company v. Missel*, 316 U.S. 572, 578, 62 S.Ct. 1216, 86 L.Ed. 1282; *Dybach v. Florida Dept of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1999))... We join the Second Circuit in concluding that the "broad remedial purpose of the act" (*Braunstein*, 600 F.2d 336) is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to "opt-in" if they so desire and by the district court's exercise of that power under appropriate conditions."

For the above reasons, Plaintiff renews its Motion to Toll Statute of Limitations.

Respectfully submitted,

/s/ David R. Arendall

_____

David R. Arendall
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 - Facsimile

3

CERTIFICATE OF SERVICE

      I hereby certify that on April 8, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: M. Jefferson Starling, III

      /s/ David R. Arendall

      _____

      Of Counsel