IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-889-MEF |
| | ) | (WO - Do not publish) |
| MAXIMUM EFFICIENCY | ) | |
| SQUARED, LLC, d/b/a Bullock | ) | |
| County Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion for Conditional Class Certification and to Facilitate Court-Approved Notice Under 29 U.S.C. § 216(b) (Doc. # 18). This case arises out of Plaintiffs' employment at Bullock County Hospital ("the hospital"). Plaintiffs seek conditional class certification for all of Defendant's hourly paid employees who worked at the hospital from October 4, 2004 to present (approximately 230 persons).

Plaintiff Michael Brown was employed as a nonexempt hourly paid nurse from June 2004 to May 2006, when he was promoted to nurse manager. Plaintiff Carol Battle worked as a nonexempt hourly paid ER Tech. Plaintiff Jody Davis worked as a nonexempt hourly paid Unit Clerk. Christopher France, who opted in, has been employed as a Mental Health Tech since June 2007.

An action under the FLSA for overtime pay may be maintained by "any one or

more employees for and in behalf of himself or themselves and any other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) contemplates court-supervised notice to members of a conditional opt-in class, the scope of which is certified by the Court.

The Eleventh Circuit has suggested that district courts evaluate the appropriateness of § 216(b) class certification in two stages—a notice stage and a decertification stage. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001). At the notice stage the named plaintiffs must provide substantial allegations of class-wide violations. *Id.* Specifically, the plaintiffs must demonstrate that (1) there are other employees who wish to opt-in; and (2) these employees are similarly situated with respect to their job requirements and pay provisions. *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiffs have the burden of showing that they are similarly situated to a group of employees whom they wish to join in this class action.

"Plaintiffs bear the burden of demonstrating a reasonable basis for their claim of classwide discrimination. The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Hipp*, 252 F.3d at 1219 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). "Plaintiffs need show only that their positions are similar, not identical, to the

positions held by the putative class members." *Id.* at 1217 (quoting *Grayson*, 79 F.3d at 1096). The Court should apply a lenient standard in assessing a plaintiffs' allegations because it has minimal evidence. *Hipp*, 252 F.3d at 1218.

Plaintiffs claim that Defendant did not pay them and other similarly situated employees for off-the-clock work—specifically by deducting thirty minutes of pay for lunch even when they did not take thirty minutes, and not paying them for pre- and post-shift work.

In Plaintiff Brown's declaration, he stated that Defendant "deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we were short-handed or my heavy workload to leave my station." Decl. of Michael Brown, ¶ 6. The declarations of Battle, Davis, and France made similar statements. Decl. of Carol Battle, ¶ 7. Decl. of Jody Davis, ¶ 7; Decl. of Christopher France, ¶ 7.

Brown also stated that "there were many times when I would begin my work for [Defendant] before my shift actually began. On accasion, I worked after my shift ended because of the work and because of short staffing. I was not paid for all of this time worked." Decl. of Michael Brown, ¶ 7. The declarations of Battle, Davis, and France made similar statements. Decl. of Carol Battle, ¶ 9. Decl. of Jody Davis, ¶ 9; Decl. of Christopher France, ¶ 9.

In its opposition to conditional class certification, Defendant first argues that there is a conflict with Plaintiff Brown seeking to represent the proposed class because Brown is currently an exempt, supervisory employee, and the proposed class consists of a nonexempt, nonsupervisory employees. However, Brown is only one of three named Plaintiffs, and the other two Plaintiffs are nonsupervisory employees. Also, Brown's claims are related to the time he was a nonsupervisory employee.

Second, Defendant argues that the proposed class is overbroad. (Doc. # 26, at 15) (citing *Reed v. Mobile County School Sys.*, 246 F. Supp. 2d 1227, 1231 (S.D. Ala. 2003)). In *Reed*, the court denied the motion for conditional class certification at the notice stage when the proposed class was "all non-exempt employees of the defendant" who were owed overtime compensation. 246 F. Supp. 2d at 1231. The members of the proposed class in *Reed* were not linked by "any particular manner of overtime violation." *Id.* at 1233. Rather, the plaintiffs "affirmatively intend[ed] to represent all employees owed overtime compensation regardless of how the failure to pay occurred." *Id.* However, in this case, the Plaintiffs seek to represent a class of employees who are owed overtime compensation because of Defendant's practice of automatically deducting thirty minutes of pay for lunch, regardless of whether the employees were able to take a thirty minute lunch break. Furthermore, although the Plaintiffs in this case had a variety or job titles, they work in the same location and are subject to the same automatic deduction policy. Therefore, the Plaintiffs and the members of the proposed class are similarly situated.

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiffs' Motion for Conditional Class Certification and to Facilitate Court-Approved Notice Under 29 U.S.C. § 216(b) (Doc. # 18) is GRANTED with respect to all hourly paid employees who worked at the hospital from October 4, 2004 to present.

(2) The Defendant is ORDERED to furnish Plaintiffs with the names and addresses of all members of the conditionally certified class within 30 days from the date this Order is entered.

(3) The parties shall submit a mutually agreeable Notice on or before May 9, 2008. If the parties cannot agree, they should submit their separate proposals for the Court's decision.

(4) Defendant's Motion for Leave to File Sur-Reply (Doc. # 30) is DENIED as moot.

(5) Plaintiff's Motion for Leave to File Sur-Sur-Reply (Doc. # 31) is DENIED as moot.

(6) Defendant shall show cause in writing on or before May 9, 2008 as to why Plaintiffs' Motion to Toll the Statute of Limitations (Doc. # 32) should not be granted.

Done this the 30th day of April, 2008.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)   **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).