IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**MICHAEL BROWN,**
    **PLAINTIFF,**
**V.**
                                             **CIVIL ACTION NO.:**
                                             **07-CV-00889-MEF**

**MAXIMUM EFFICIENCY SQUARED, LLC**
**d/b/a Bullock County Hospital,**
    **DEFENDANT.**

## NOTICE OF RIGHT TO OPT-IN TO LAWSUIT

TO:    ALL HOURLY-PAID PERSONS WHO WORKED OVER FORTY HOURS IN ONE OR MORE WORK WEEK FROM ANYTIME FROM OCTOBER 4, 2004 TO THE PRESENT, WHILE EMPLOYED WITH BULLOCK COUNTY

RE:    FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST MAXIMUM EFFICIENCY SQUARED, LLC, d/b/a Bullock County Hospital

### I. INTRODUCTION

The purpose of this Notice is to inform you about a collective action lawsuit in which you may make a claim for damages, to advise you of how your rights maybe affected by this suit, and to inform you how to make a claim, if you so desire.

### II. DESCRIPTION OF LAWSUIT

On October 4, 2007, Michael Brown ("Plaintiff") filed a lawsuit in the United States District Court for the Middle District of Alabama against Maximum Efficiency Squared, LLC, d/b/a Bullock County Hospital ("Bullock County Hospital") on behalf of himself and all other past and present hourly-paid employees, alleging that they are owed unpaid wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Since filing the lawsuit four (4) other similarly-situated former employees (Plaintiffs) have joined.

Plaintiffs allege that, during one or more weeks of their employment with Bullock County Hospital, they were not paid for all overtime hours worked. Specifically, Plaintiffs allege that Bullock County Hospital failed to pay them and other hourly employees, overtime for all hours worked over forty in a work week at 1.5 times their regular hourly rate by not providing an opportunity to take a lunch break at a location away from the employees' work station, uninterrupted from work duties. The law provides that if a lunch period for an hourly paid employee is unpaid, the employee should not be interrupted during that lunch break to perform job duties on behalf of their employer, and they should be allowed to take lunch away from their work station. In this lawsuit, Plaintiffs have also claimed that Bullock County Hospital has not paid them and other hourly employees for hours they performed prior to the start of their regular work shift, and/or for all hours worked after they clocked out at the end of their shift. Plaintiffs allege they would arrive early and begin job duties after they clocked in, but before the start of their scheduled shift, such as checking on patient needs. Plaintiffs also allege that at the end of the shifts they might stay to complete job assignments and that Bullock County Hospital did not pay for these "out of shift" hours. Plaintiffs claim that Bullock County Hospital's failure to pay employees for these interrupted and/or missed meal periods and for these "out of shift" hours violated the Fair Labor Standards Act, entitling them to overtime pay for those weeks in which they worked at least forty hours.

Bullock County Hospital denies liability in this case and contends that all hourly employees have been fully compensated for all hours worked.

### III.  YOUR RIGHT TO JOIN THIS LAWSUIT

If you are or have been employed by Bullock County Hospital in an hourly-paid position during any period of time between October 4, 2004, and the present and you were not paid for

missed and/or interrupted meal periods or for meal periods where you were not allowed to leave your work station, and/or for work you performed for the benefit of Bullock County Hospital before the start of your regular shift or after the end of your regular shift and you were not paid at 1.5 times your regular hourly rate on weeks in which you worked over forty hours for all these hours, then you are eligible to join. You may make a claim to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs in this lawsuit. It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire.

### IV. LEGAL EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment of the Court, whether it is favorable or unfavorable to you, or any settlement of this action that may later be approved by the Court as fair and reasonable. That means that, if the employees win, you may be eligible to share in the monetary award; if the employees lose, no money will be awarded, and you will not be able to file another lawsuit regarding the disputed hours of work. You also will be bound by the strategic decisions of the class.

While the lawsuit is proceeding, you may be required to provide information, appear for a deposition, and/or testify in Court.

### V. LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. That means that, if the employees win, you will not be eligible to share in the monetary award; if the employees lose, you will not be bound by that judgment. If you choose not to join this lawsuit, you retain any rights, if any, that you may have under the Fair Labor Standards Act, and you are free to file your own lawsuit.

Be aware that the time limit for acting on any wage claims you may have under the Fair Labor Standards Act may continue to run and may cause your claim to be barred.

## VI.  LEGAL REPRESENTATION IF YOU JOIN THIS LAWSUIT

The attorneys for the Plaintiff and the proposed opt-in class are David R. Arendall, Esq., and Allen D. Arnold, Esq. of the firm of Arendall & Associates.  Their address, telephone number, fax number, and web address are: 2018 Morris Avenue, Third Floor, Birmingham, AL 35203; Phone: (205) 252-1550; Fax: (205) 252-1556; and web address: www.arendalllaw.com.

If you choose to join this lawsuit, Arendall & Associates will represent you.  You will not have to pay these lawyers for their services, and the attorney fee agreement is contained on the back of the Consent to Join form.

Bullock County Hospital's counsel of record is M. Jefferson Starling III, Balch & Bingham LLP, 1701 Sixth Avenue North, Birmingham, AL 35203.

## VII.  HOW TO JOIN THIS LAWSUIT

If you wish to join this lawsuit, you must complete, sign, and mail the enclosed Consent to Become Party Plaintiff form in the enclosed envelope to the following address:

Arendall & Associates
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

Your signed Consent form must be received by Arendall & Associates by  August  15,  2008,  to be eligible to participate in this case.  If you wish to join this lawsuit, return the signed Consent form as soon as possible to attempt to preserve any present legal right you may have to participate in this lawsuit.

## VIII.  NO RETALIATION OR DISCRIMINATION PERMITTED

The Fair Labor Standards Act prohibits employers from discriminating or retaliating against any person who files a lawsuit or complaint for overtime compensation, testifies in a

lawsuit under the Fair Labor Standards Act, or otherwise participates in a proceeding to recover

overtime compensation under the Fair Labor Standards Act.

### IX.  NO OPINION EXPRESSED AS TO THE MERITS OF THIS LAWSUIT

**THIS NOTICE IS FOR THE SOLE PURPOSE OF PROVIDING CURRENT AND FORMER BULLOCK COUNTY HOSPITAL EMPLOYEES WITH INFORMATION CONCERNING THEIR RIGHT TO JOIN THIS LAWSUIT.  ALTHOUGH THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE COURT, THE COURT TAKES NO POSITION REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR BULLOCK COUNTY HOSPITAL'S DEFENSES.**

BY ORDER OF THE COURT.

Dated:  **13 MAy 2008**

_____
United States District Court Judge